UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC & SANJEEV ACHARYA,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER GRANTING SEC'S MOTION FOR A PRELIMINARY INJUNCTION AND ORDERING RELIEF**<br><br>Re: Dkt. No. 10 |

On February 9, 2021, the Court held a hearing on the motion of the Securities and Exchange Commission ("SEC") for an order of preliminary injunction and ancillary relief to restrain and enjoin defendants SiliconSage Builders, LLC aka Silicon Sage Builders ("Silicon Sage Builders") and Sanjeev Acharya (collectively, "defendants"), during the pendency of this case. The SEC's motion seeks two types of preliminary relief. The SEC's motion seeks orders: (1) preliminarily enjoining each of the defendants from engaging in specified conduct; (2) freezing on defendants' accounts; (3) requiring an accounting from each of the defendants; and (4) prohibiting the destruction of documents by the defendants.

The Court, having considered: (a) the complaint filed by the SEC in this case; (b) the SEC's Motion for Preliminary Injunction and for Appointment of Receiver and Memorandum in support thereof; (c) the simultaneously filed Declarations of (1) Uday Bellary; (2) Aseem Bharti; (3) Mehboob Gangani; (4) Shashi Jaggia; (5) Jino Joseph; (6) Bala Joshi; (7) Santhosh Manayilakath; (8) Ashish Sood; (9) Neil Vasant; (10) Sushil Warrier; (11) Tamar Braz; (12) Christopher Conte; and (13) Amy Longo, and the exhibits thereto; and any responses thereto and all proceedings before the Court, finds that:

1. This Court has jurisdiction over the subject matter of this action and as to all parties, and venue properly lies in this District.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(b), by evidence establishing a *prima facie* case and a reasonable likelihood that defendants have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless enjoined by order of this Court, transactions, acts, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5.

3. The Commission has demonstrated a likelihood of success on the merits of its action and that the balance of hardships weighs in its favor. With respect to the balance of hardships, the public interest weighs strongly in favor of issuance of injunctive relief. In addition, good cause exists to believe that the defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

4. The Court finds that defendants are offering and selling securities under the Securities Act and the Exchange Act. Defendants do not dispute that the equity investments in specific real estate projects are "securities." The Court finds that the Bridge Fund investments are "investment contracts" under *S.E.C. v. W. J. Howey Co.*, 328 U.S. 293, 298-99 (1946), and that the promissory notes are "securities" under *Reves v. Ernst & Young*, 494 U.S. 56, 65-66 (1990).

5. The Commission has submitted extensive evidence, including investor declarations, showing that defendants have likely engaged in fraud with regard to the offer and sale of securities.

6. Good cause exists to believe that unless restrained and enjoined by order of this Court, defendants will dissipate, conceal, or transfer assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

7. Good cause exists to require each of the defendants to provide an accounting.

8. The Court finds that an asset freeze and accounting as to defendant Acharya is not subject to the automatic stay triggered by Acharya's Chapter 11 bankruptcy filing. *See S.E.C. v. Miller*, 808 F.3d 623, 631-32 (2d Cir. 2015); *see also S.E.C. v. Bilzerian*, 131 F Supp. 2d 10, 14 (D.D.C. 2001), *aff'd*, 75 F. App'x 3 (D.C. Cir. Sept. 22, 2003).

9. Good cause exists to believe that, unless restrained and enjoined by order of this Court, defendants may alter or destroy documents relevant to this action.

I.

THEREFORE, IT IS HEREBY ORDERED that the SEC's Motion for Preliminary Injunction is GRANTED.

II.

IT IS FURTHER ORDERED that defendants are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. Employing any device, scheme or artifice to defraud;

    B. Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED that defendants are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A. Employing any device, scheme or artifice to defraud;

    B. Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED that each of the defendants is preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the defendants, or their subsidiaries and affiliates.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal

service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm or Internet or "e-commerce" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by each of the defendants, including but not limited to the accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| J.P. Morgan Chase Bank, N.A. | SiliconSage Builders, LLC | ▮ |
| J.P. Morgan Chase Bank, N.A. | SiliconSage Bridge Fund, LLC | ▮ |
| J.P. Morgan Chase Bank, N.A. | Osgood, LLC | ▮ |

The asset freeze with regard to defendant Acharya shall be lifted as soon as the assets are clearly under the control of the Bankruptcy Court. See *Miller*, 808 F.3d at 634.

VI.

IT IS FURTHER ORDERED that, within five days of the issuance of this Order, each of the defendants shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC's Los Angeles Regional Office to the attention of Michael Sew Hoy and Amy Jane Longo, Trial Counsel. After completion of the accounting, each of the Defendants shall produce to the SEC's Los Angeles Regional Office, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

VII.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the defendants or the Funds, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the defendants is preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED**.

Dated: February 9, 2021

SUSAN ILLSTON
United States District Judge