UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER ON MOTION OF RECEIVER**<br><br>Re: Dkt. No. 92 |

On March 19, 2021, the Receiver, David Stapleton, filed a motion for leave to:

(1) Employ counsel;

(2) Identify 2101 Alum Rock, LLC as being within the scope of the receivership estate;

(3) Establish procedures to maintain investor confidentiality; and

(4) Establish procedures for providing notice of certain matters to investors and creditors.

Dkt. No. 92. Pursuant to Local Rule 7-2(b), the Court hereby finds the matter appropriate for resolution without oral argument and hereby VACATES the April 23, 2021 hearing.

The first two items, (1) and (2) above, are entirely unopposed and are therefore GRANTED. Dkt. No. 106 (SEC's Statement of Non-Opposition); Dkt. No. 105 (Sanjeev Acharya's Statement of Non-Opposition); Dkt. No. 100 (Western Alliance Bank's Limited Objection to items (3) and (4) only).

On March 25, 2021, Western Alliance Bank ("WAB"), a creditor in this action, filed limited objections to the Receiver's motion. With respect to (3), WAB opposes the Receiver's plan not to disclose investor's names and contact information for purposes of proofs of service. The Receiver

explains his plan as follows:

> This case involves a few hundred individual investors. In order to protect their privacy, where the Receiver serves these investors by mail and would otherwise include their mailing information on the certificate of service, the Receiver will prepare the certificate of service for the service on the investors as normal and will maintain it, but will not file that certificate with the Court. Instead, the Receiver will file a declaration testifying to the service of the investors without including their names and addresses and will file that declaration with the Court and post it on the website. This procedure will only be used for investors, including noteholders, and not for creditors or other parties in interest. Any document that contains investor email information will also be redacted before filing with the Court.

Dkt. No. 100 at 2.[1] WAB argues "all parties claiming against or benefitting from the receivership should make their presence and identities known" and opposes the Receiver's plan to maintain investor confidentiality.

The Court disagrees with WAB and finds the Receiver's proposed course reasonable for proof of service. In the event names and contact information of investors become relevant for more substantive purposes, the parties are not precluded from raising this issue again with the Court as necessary.

With respect to (4), WAB does not oppose the Receiver's plan regarding service of pleadings so long as an order approving such service does not supersede or inhibit WAB's ability to receive notifications via ECF. The Court's understanding is that so long as WAB has appeared in the case its counsel should receive ECF notifications.

As such the Court GRANTS Mr. Stapleton's motion as follows:

1) The Receiver's retention of Smiley Wang-Ekvall, LLP, as his counsel is approved, with the allowance and payment of its fees subject to the Court's approval;

(2) 2101 Alum Rock, LLC is one of the Receivership Entities, as that term is defined in the Receivership Order (Dkt. No. 63);

(3) The procedures set forth in the motion (Dkt. No. 92) to protect the privacy of investors, including noteholders, is approved; and

(4) The Receiver is authorized to effectuate service of the notice of matters that do not

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

directly impact a particular creditor or investor by posting the notice and related pleadings on the website that is maintained for this receivership and which appears at www.siliconsagereceivership.com, unless a creditor or investor notifies the Receiver's counsel by email or mail that the creditor or investor opts out and would like to continue to receive notices by mail.

**IT IS SO ORDERED**.

Dated: April 21, 2021

_____
SUSAN ILLSTON
United States District Judge