UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER GRANTING MOTIONS FOR INTERIM FEES AND COSTS**<br><br>Re: Dkt. Nos. 123, 125 |

The Receiver and his counsel have filed motions for interim fees and costs, and both motions are scheduled for a hearing on June 11, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument and VACATES the hearing.

The Receiver seeks an interim award of $357,006.00 in fees and $7,110.41 in costs, and requests to be paid 80% of the fees ($285,604.80) and 100% of expenses as the funds become available from the assets of the Receivership Entities. The Receiver states that he and his staff spent approximately 1,142.30 hours working on behalf of the Receivership Entities, at an average hourly billing rate of $312.53. The motion details the work the Receiver's staff has done taking control of the assets, identifying liabilities, and developing a plan to realize value from each of the properties and real estate projects.

The Receiver's counsel is seeking an interim award of $91,122.30 in fees and $9,208.71 in costs, and also requests to be paid 80% of fees ($72,766.08) and 100% of costs as the funds become available. The billing records submitted by the lawyers state that they billed 173.30 hours at hourly rates ranging from $238 to $576. The Receiver's counsel details the work that they have performed on a variety of legal issues, including drafting term sheets, negotiating terms with lenders,

responding to document requests and a subpoena from the Department of Labor, and ensuring that the Receiver operates the receivership in a manner consistent with all applicable laws.

The motions state that the SEC has no objection to the fee applications, and no opposition has been filed to either fee motion.

"The court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *In re Alpha Telcom, Inc*., No. CV 01-1283-PA, 2006 WL 3085616, at *2 (D. Or. Oct. 27, 2006). "Interim fee allowances are appropriate where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate." *Id*. at *3. "Interim fees are generally allowed at less than the full amount requested in recognition of the fact that until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which the allowance of interim compensation is sought." *Id*.

The Court has reviewed the fee applications and supporting materials and GRANTS the applications. The Court recognizes the complexity of the work performed by the Receiver's staff and his counsel. However, in light of the fact that these proceedings are still in a relatively early stage and that the various properties and projects have not yet been sold, the Court finds it appropriate to award 50% of the requested fees on an interim basis. The Receiver shall receive 50% of the fees ($178,503.00) and 100% of his expenses as funds become available, and the Receiver's counsel shall receive 50% of the fees ($36,383.04) and 100% of their expenses as funds become available.

**IT IS SO ORDERED**.

Dated: June 7, 2021

SUSAN ILLSTON
United States District Judge