UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, *et al.*,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER RE: INTERIM FEES FOR PERIOD APRIL 1, 2021 TO JUNE 30, 2021**<br><br>Re: Dkt. Nos. 174, 175 |

On September 30, 2021, the Court held a hearing on motions for interim fees and costs filed by the Receiver and the Receiver's counsel.

The Receiver requests $641,953.50 in fees and $1,415.13 in expenses for the time period from April 1, 2021 to June 30, 2021. The Receiver's counsel requests $130,885.65 in fees and $1,563.37 in costs for the same time period. The Receiver's motion details the work he and his staff have done taking control of the assets, identifying liabilities, and developing a plan to realize value from each of the properties and real estate projects. The Receiver's counsel's motion sets forth the work they have done negotiating with creditors, negotiating purchase and sale agreements for various pieces of property, obtaining court approval of a streamlined process for selling properties, and assisting the Receiver in the early stages of a process of identifying other potential sources of recovery. The Receiver and his counsel request to be paid 80% of the fees and 100% of the costs from the funds of the receivership estate, as those funds become available.

The SEC has filed a statement of non-opposition to the motions. Dkt. No. 182. The Trigate parties (Trigate Almaden PE Investor, LLC and Trigate Fremont PE Investor, LLC) have filed a partial opposition to the fee motions. Dkt. No. 183. Trigate requests that approval of the fees related to the Osgood and Almaden entities be suspended until the resolution of various issues that Trigate

has raised with regard to those entities.

"The court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys." *In re Alpha Telcom, Inc.*, No. CV 01-1283-PA, 2006 WL 3085616, at *2 (D. Or. Oct. 27, 2006). "Interim fee allowances are appropriate where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate." *Id.* at *3. "Interim fees are generally allowed at less than the full amount requested in recognition of the fact that until the case is concluded the court may not be able to accurately determine the 'reasonable' value of the services for which the allowance of interim compensation is sought." *Id.*

The Court has reviewed the fee applications and supporting materials and concludes that the fees requested are supported and reasonable in light of the complexity of the work involved in this receivership. The Court GRANTS the applications as follows: (1) the Court approves 100% of the costs; (2) the Court suspends approval of fees related to the Osgood and Almaden entities until the resolution of the issues raised by the Trigate parties ($345,891.50 for the Receiver and $50,019.30 for his counsel); and (3) the Court approves the interim payment of 75% of the balance of the fees to be paid as funds become available (75% of $296,062.00 = $222,046.50 for the Receiver and 75% of $80,866.35 = $60,649.76 for his counsel).

**IT IS SO ORDERED**.

Dated: October 6, 2021

SUSAN ILLSTON
United States District Judge