**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Michael L. Simon, State Bar No. 300822
msimon@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714-445-1000
Facsimile:    714-445-1002

Counsel for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>         Defendants. | Case No. 3:20-cv-09247-SI<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER, DAVID STAPLETON, FOR ORDER:**<br><br>**(1) APPROVING CONSTRUCTION FUNDING AGREEMENT WITH ACRES CAPITAL;**<br><br>**(2) AUTHORIZING EMPLOYMENT OF SPECIAL REAL ESTATE COUNSEL; AND**<br><br>**(3) APPROVING THE FORM OF THE CONDOMINIUM PURCHASE AGREEMENTS AND AUTHORIZING THE SALE OF THOSE UNITS FREE AND CLEAR OF LIENS**<br><br>[Memorandum of Points and Authorities and Appendix of Exhibits Filed Concurrently]<br><br>Date: December 3, 2021<br>Time: 10:00 a.m.<br>Crtrm.: 1 – 17th Floor (hearing via Zoom)<br>Judge: Susan Illston |

**TO THE HONORABLE SUSAN ILLSTON, SENIOR DISTRICT JUDGE, ALL LIENHOLDERS OF OSGOOD, LLC, AND 1821 ALMADEN, LLC, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on December 3, 2021, at 10:00 a.m., the Court is scheduled to hold a hearing on the motion (the "Motion") of David Stapleton, the Court-appointed receiver, for an order in aid of receivership (1) approving a construction funding agreement with Acres Capital related to the condominium projects owned by Osgood, LLC ("Osgood") and 1821 Almaden, LLC ("Almaden"), (2) authorizing the employment of special real estate counsel, and (3) approving the form of the residential purchase agreements and the sale of the condominium units free and clear of all liens.

Unless the Court issues an order in advance of the hearing, the Court will be conducting the hearing by Zoom, and instructions for appearing at the hearing will be posted approximately two days prior to the hearing. **Pursuant to Local Rule 7-3(a), any written opposition to the relief sought in the Motion must be filed with the Court and served on counsel for the moving party by no later than fourteen (14) days after the filing of this Motion, which is occurring on October 29, 2021.**

Concurrently with this Motion, the Receiver is filing his Memorandum of Points and Authorities in support of the Motion and the supporting declaration of David Stapleton with accompanying exhibits (together, the "Memorandum"). The Motion and the Memorandum are being served by mail on all lienholders and individual noteholders of Osgood or Almaden. Pursuant to the order limiting notice in this case, both the Motion and the Memorandum are being made available on the website for this receivership, which is www.siliconsagereceivership.com, or by contacting proposed counsel for the Receiver at kandrassy@swelawfirm.com. The following describes the relief sought in this Motion:

## I.   BACKGROUND FACTS

Osgood is one of the Receivership Entities and owns a condominium project that is still under construction. The project consists of a five-story building with ninety-three condominiums ranging from one to three bedrooms and with twenty-two floor plan variations (the "Osgood Project"). Almaden owns a condominium project that consists of a five-story building with ninety-six condominiums ranging from one to three bedrooms and twenty-four different floor plans (the "Almaden Project" and, together with the Osgood Project, the "Projects"). In 2018, Acres Loan Origination, LLC, as administrative agent for itself and other lenders, agreed to loan Osgood $45,000,000 to fund construction costs for Osgood and separately agreed to loan Almaden $41,875,000 to fund construction costs. Copies of these loan agreements are included as Exhibits 1 and 2. The loans were secured by deeds of trust in first priority against each property and bore interest at the LIBOR rate, plus 8.5% per annum, which ran approximately 11% per annum at the non-default rate. SiliconSage Construction, LLC, was the general contractor on the Projects, and SiliconSage Builders and other entities provided construction and design services for the Projects.

In connection with the filing of this action, the SEC sought the appointment of a receiver, setting the hearing on regular notice for January 29, 2021. After the Court appointed the Receiver by order entered on February 10, 2021 (the "Receivership Order"), the Receiver was granted sole authority over all of the entities in receivership, including Almaden and Osgood, and was required to obtain control over their operations.

Much of the Receiver's focus in the early stages on this case were about whether and how to complete construction on the Projects. Initially, the Receiver was in negotiations with the preferred equity holder of Osgood and Almaden, TriGate, and with Acres, the construction lender. However, as the Receiver learned that both Osgood and Almaden had investors with liens and investors with unsecured notes, he reevaluated the negotiations and, after exploring other options, determined that proceeding with funding from the existing construction lender made the most sense.

The Receiver continued to use Suffolk Construction, which was selected by TriGate in late 2020, as the construction manager for the Projects, but soon learned that the budgets that everyone had been relying on were replete with incomplete and bad information and, for the most part, were not based on field inspections and bids from subcontractors but were instead based on unreliable information from SiliconSage. Because it had not been done by TriGate, the Receiver immediately engaged contractors to complete forensic reviews of the work that had been done to that point so that he could understand the amount of work that remained outstanding and then get bids for that work, ensuring that all work would be up to local and state code requirements. This is necessary because contractors will not bid work that is in mid-construction unless they first understand the scope of the work remaining to be performed. This was the focus of the efforts in the period from April through June. Once the Receiver identified the specific work that remained, he was able to obtain bids for various jobs and secure subcontractors to perform the work. The Receiver is now in the very tail end of the process of retaining or reengaging subcontractors, with work having resumed on both Projects. This work has been funded by Acres through protective advances. With the construction budgets in near final form so that the risks and benefits can be determined and addressed with more precision, the Receiver and Acres turned to finalizing their negotiations and that agreement is the subject of the Motion.

To date, Acres has funded $8,547,674 in protective advances to Almaden and $6,896,985 in protective advances to Osgood. The Receiver estimates that the total cost to complete construction at Osgood, including the protective advances already made, is $16,226,483, and that the total cost to complete construction at Almaden, including the protective advances already made, is $26,958,962. Acres' figures are slightly different.

Under the agreement with Acres that is provided as Exhibit 5 (the "Acres Agreement"),[1] Acres will continue to fund the Projects to completion by continuing to make protective advances that will be considered part of and added to the existing construction loans. Although Acres will have relief from the Receivership Order to exercise its state law remedies, it has agreed to forbear on exercising those remedies while construction continues, except as set forth in the Acres Agreement and explained below.

Commencing on the date that the Receiver was appointed, Acres has agreed to reduce the interest charged on the outstanding amount of the loan as of that date to an annual interest rate of 4% and will charge 8% annual interest on the protective advances made post-receivership and pursuant to the Acres Agreement. Acres has agreed that from proceeds from the sale of the condominiums that would otherwise be paid to it on account of its liens, it will give $200,000 from each project to the receivership estate, for a total of $400,000. Subject to the approval of the Court, the fees and costs of the receivership estate incurred in connection with the management of construction on these Projects will be paid as part of the protective advances being made by Acres, not because the Receiver has concluded that Osgood and Almaden are not part of a unitary enterprise but because it minimizes the risk to the receivership estate. With Acres funding them from its protective advances, it ensures that the carveouts agreed to by Acres are preserved for the receivership estate and will not be depleted by the fees and costs of the Receiver incurred in connection with the day to day management of the projects. Essentially, it shifts risk from the receivership estate to Acres. Although the Receiver's fees and costs in connection with construction management will be paid through the protective advances, the fees and costs of counsel that have been incurred since the case's inception will not, with two exceptions.

---

[1] The Acres Agreement is in substantially final form but remains subject to final approval and further revision. The executed agreement will be filed with the Court prior to the hearing together with a redline in the event that there are any changes.

The first exception relates to the purchase agreements that the Receiver believes are better characterized as disguised loans. Under the Acres Agreement, the Receiver has agreed to seek orders from this Court recharacterizing these agreements as disguised loans and not true purchase agreements. If the Receiver is unsuccessful in recharacterizing the agreements on Almaden or Osgood and the net economic impact of any loss is $1 million or more, then Acres' obligation to forbear from exercising state law remedies will terminate as to that project and Acres will have the right to foreclose against the impacted project. In the event of a foreclosure of either or both of the Projects, the receivership estate will still receive $200,000 from each project. Acres is being granted this relief because a foreclosure sale will eliminate any junior interests in the property being foreclosed against, including these purchase agreements. Because these efforts are expected to likely inure solely for Acres' benefit given the construction budgets, Acres has agreed to pay the allowed fees and costs that counsel for the Receiver incurs in connection with these efforts, regardless of the outcome.

The second exception relates to the law firm of FCM Law, Inc. Fred Moore of FCM Law has been retained on a limited basis to assist Osgood and Almaden with real estate issues resulting from the delays and the receivership, including (1) the revision of the condominium purchase agreements so that they provide for sales to be as is, and where is, with only the warranties required under California law, and (2) the amendment of the public reports on file with the California Department of Real Estate, including updated budgets and CC&Rs. These are specialized issues that require counsel with an expertise in real estate transactions and condominium developments. FCM Law has this expertise and charges an hourly rate of $450 to perform this work. The Receiver interviewed the counsel who had previously performed this work to inquire how much he would charge per hour to complete it, and his hourly rate was $675. FCM Law was equally qualified to do the work. As of October 4, 2021, FCM Law had incurred fees of $8,185.00. If the DRE does not identify any deficiencies, then FCM Law estimates that its additional fees will be about $5,000.00. If the DRE does identify deficiencies, then

that amount will increase. Given the limited scope of the work being performed, the Receiver seeks authority to retain FCM Law as special real estate counsel and to pay it up to $50,000.00 in the ordinary course without the necessity of a further Court order. If the fees exceed $50,000.00, then a fee application will be filed with the Court. Because FCM Law's services are critical to moving the Projects forward, Acres has agreed that FCM Law's fees and costs may be paid as part of the protective advances it is making.

The Motion seek approval of the Acres Agreement, authorization to employ FCM Law as special real estate counsel, approval of the form of the residential purchase agreements and escrow instructions, and authorization to sell the condominium units free and clear of all liens. Acres will receive the net proceeds from each sale after payment of commissions, property taxes, the carveout agreed to in the Agreement, and closing costs until it is paid in full. Once Acres is paid in full, any remaining net sale proceeds will be paid to the junior lienholder(s). So that the junior lienholders do not have to execute partial releases in connection with the closing of each condominium unit, the Receiver proposes that the junior lenders be excused from this requirement and that the order state that the sale of each of the units is free and clear of their liens until Acres is paid in full, at which time the net proceeds of the units, if any, will be paid to the junior lienholders in satisfaction of their liens and in the priority in which they were recorded. This procedure will make the closings more efficient and still ensure that they retain their rights as junior lienholders.

## II.   RELIEF REQUESTED

Based on the foregoing, the Receiver requests that the Court enter an order:

(1)   Granting the Motion;

(2)   Authorizing the Receiver to enter into the Acres Agreement and

   (a)   approving the provisions of the Acres Agreement, including the provision that gives Acres relief from the Receivership Order to exercise its state law

remedies effective upon entry of the order, subject to its agreement to forbear as set forth in the Acres Agreement;

   (b) providing that in the event that Acres exercised its remedy to foreclose as permitted by the Acres Agreement, the stay contained in the Receivership Order remains in effect as to all other parties and actions;

  (3) Authorizing the Receiver to retain FCM Law and to pay FCM Law in the ordinary course through the protective advances being made by Acres and waiving the requirement that FCM Law file an application for allowance and payment of its fees unless the fees exceed $50,000.00;

  (4) Authorizing the Receiver to execute Residential Purchase Agreements substantially in the form submitted as Exhibits 10 and 11 to the Memorandum on behalf of Osgood and Almaden;

  (5) Providing that the sale of each unit of the Osgood Project, the legal descriptions for which are included in the preliminary title report provided as Exhibit 3, shall be free and clear of all liens, including the liens listed below, with the lien of Acres to be paid in the manner required by the loan agreements as modified by the Acres Agreement until its debt is paid in full:

   (a) The lien of Yeong-Sae Kim et al., recorded as Document No. 22555587 on March 26, 2014, which lien is disputed;

   (b) The lien of Acres Loan Origination, LLC, recorded as Document No. 2018193964 on October 5, 2018;

   (c) The lien of Sathappan Venkatachalam recorded as Document No. 2020363594 on December 24, 2020;

   (d) A claim of lien of Sound-Crete Contractors, Inc. recorded as Document No. 2020371744 on December 31, 2020;

   (e) A claim of lien of Whirlpool Corporation recorded as Document No. 2021015395 on January 13, 2021;

(f) A claim of lien by SiliconSage Construction, Inc., recorded as Document No. 2021022672 on January 20, 2021;

(g) A claim of lien by The Scaffold Works, Inc., recorded as Document No. 2021055604 on February 8, 2021; and

(h) A claim of lien by Blackwell General Engineering, Inc., recorded as Document No. 2021056792 recorded on February 8, 2021

The sales of the individual units of the Osgood Project are free and clear of the liens referenced at 5(a) and 5(c) through (h) above without the necessity of the execution of a release or reconveyance by the lienholder, with the recording of this Order sufficient to remove the liens as an encumbrance of record;

(6) Providing that the sale of each unit of the Almaden Project, the legal descriptions for which are attached to the preliminary title report submitted as Exhibit 4, shall be free and clear of all liens, including the liens listed below, with the lien of Acres to be paid in the manner required by the loan agreements as modified by the Acres Agreement until its debt is paid in full:

(a) The lien of Acres Loan Origination, LLC, recorded as Document No. 24051016 on October 29, 2018;

(b) The lien of The Entrust Group Inc. FBO Abhinav Gupta IRA#7230007777 recorded as Document No. 24603787 on September 4, 2020;

(c) The lien of The Entrust Group Inc. FBO Neha Gupta IRA#7230007788 recorded as Document No. 24603788 on September 4, 2020;

(d) The lien of The Entrust Group Inc. FBO Abhinav Gupta IRA#7230007777 recorded as Document No. 24603789 on September 4, 2020

(e) The lien of The Entrust Group Inc. FBO Neha Gupta IRA#7230007788 recorded as Document No. 24603790 on September 4, 2020;

(f) The lien in favor of Abhinav Gupta recorded as Document No. 24603791 on September 4, 2020;

      (g)    The lien in favor of Abhinav Gupta recorded as Document No. 24603792 on September 4, 2020; and

      (h)    A claim of lien by SiliconSage Construction, Inc., recorded as Document No. 24823902 on February 9, 2021.

The sales of the individual units of the Almaden Project are free and clear of the liens referenced at 6(b) through (g) above without the necessity of the execution of a release or reconveyance by the lienholder, with the recording of this Order sufficient to remove the liens as an encumbrance of record;

(7)    Providing that any licensed title insurer and the Buyer are authorized to rely on this Order as authorizing the Receiver to transfer legal title to the condominium units free and clear of all liens;

(8)    Authorizing the Receiver to take any and all actions reasonably necessary to consummate the sale of the condominium units; and

(9)    Granting such other and further relief as the Court may deem just and proper.

DATED: October 29, 2021        Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    /s/ Kyra E. Andrassy
KYRA E. ANDRASSY
Counsel for David Stapleton, Receiver

# PROOF OF SERVICE

**STATE OF CALIFORNIA, DISTRICT COURT, NORTHERN DISTRICT**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **10/29/2021**, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF RECEIVER, DAVID STAPLETON, FOR ORDER: (1) APPROVING CONSTRUCTION FUNDING AGREEMENT WITH ACRES CAPITAL; (2) AUTHORIZING EMPLOYMENT OF SPECIAL REAL ESTATE COUNSEL; AND (3) APPROVING THE FORM OF THE CONDOMINIUM PURCHASE AGREEMENTS AND AUTHORIZING THE SALE OF THOSE UNITS FREE AND CLEAR OF LIENS** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to United States District Court, Central District of California, Local Civil Rule 5-3, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **10/29/2021**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE)**. I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( ) STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2021, at Costa Mesa, California.

                                                /s/ *Lynnette Garrett*
                                                Lynnette Garrett

# SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- **Kyra Elizabeth Andrassy**
  kandrassy@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com
- **Leslie Aileen Baxter**
  lbaxter@blglegal.net
- **Tamar M. Braz**
  brazt@sec.gov
- **Susan Scott Davis**
  sdavis@coxcastle.com
- **Detail Construction & Waterproofing, Inc.**
  sjs@dslaw.net
- **David B. Draper**
  ddraper@terra-law.com
- **Robert Paul Goe**
  rgoe@goeforlaw.com,kmurphy@goeforlaw.com
- **Mitchell Bruce Greenberg**
  mgreenberg@abbeylaw.com,mmeroney@abbeylaw.com
- **John Henry Hemann**
  jhemann@cooley.com,mnarvaez@cooley.com
- **Douglas Dalton Hughmanick**
  dhughmanick@terra-law.com
- **Monique Jewett-Brewster**
  mjb@hopkinscarley.com,eamaro@hopkinscarley.com
- **Charles F. Johnisee**
  lbaxter@blglegal.net
- **Edward Arthur Kraus**
  ekraus@svlg.com,keb@svlg.com,edn@svlg.com,amt@svlg.com
- **Amy Jane Longo**
  longoa@sec.gov,simundacc@sec.gov,irwinma@sec.gov
- **James Alan McDaniel**
  jmcdaniel@terralaw.com,dhawes@terralaw.com
- **Hal Mark Mersel**
  mark.mersel@bclplaw.com,theresa.macaulay@bclplaw.com
- **Dennis Francis Murphy**
  dennismurphy@jonesday.com
- **Walker Samuel Newell**
  wnewell@cooley.com,efiling-notice@ecf.pacerpro.com,avera@cooley.com
- **Randy Phillip Orlik**
  rorlik@coxcastle.com
- **Brian Andrew Paino**
  bpaino@mcglinchey.com,irvineECF@mcglinchey.com
- **Parkview Financial REIT LP**
  paul@parkviewfinancial.com
- **Marie Gisele Quashnock**
  marie@aqalegal.com,rosa@aqalegal.com,legalassistant@aqalegal.com
- **Meena Sathappan, TTE**
  mjb@hopkinscarley.com
- **Joshua Louis Scheer**
  jscheer@scheerlawgroup.com,jscheer@ecf.courtdrive.com
- **Brian G. Selden**
  bgselden@jonesday.com,mreyes@jonesday.com
- **Michael Raymond Sew Hoy**
  sewhoym@sec.gov
- **Steven Jude Sibley**
  sjs@dslaw.net

**Via United States Mail:**

| | | |
|---|---|---|
| Sathappan Venkatachalam<br>5544 Perugia Circle<br>San Jose, CA 95138 | Sound-Crete Contractors, Inc.<br>135 E. Railroad Ave.<br>Monrovia, CA 91016 | Hefner, Stark & Marois, LLP<br>Attn: Michael R. Williams, Esq.<br>2150 River Plaza Drive, Suite 450<br>Sacramento, CA 95833 |
| SiliconSage Construction Inc.<br>c/o Mail Center<br>9450 SW Gemini Dr. #7790<br>Beaverton, OR 97008-7105 | DC Law, APC<br>2005 De La Cruz Blvd., Suite 215<br>Santa Clara, CA 95050 | Crosby & Crosby, a Professional Law Corporation<br>1570 The Alameda, Suite 200<br>San Jose, CA 95126 |
| Chin-Chai Low<br>20232 Blauer Dr.<br>Saratoga, CA 95070 | Abhinav Gupta<br>Neha Gupta<br>1930 Village Center Circle, Suite 3-5669<br>Las Vegas, NV 89134 | Bhushan Brijmohan Heda<br>15859 Mina Way<br>Saratoga, CA 95070 |
| Hassan Naboulsi<br>44 Winding Way<br>San Carlos, CA 94070 | Isha Dhesi<br>2209 Rockwell Dr.<br>Davis, CA 95618 | Kishore J. Thota<br>727 Overdell Dr.<br>Sugarland, TX 77479 |
| Marwan Naboulsi<br>44 Winding Way<br>San Carlos, CA 94070 | The Entrust Group Inc.<br>FBO Neha Gupta<br>1930 Village Center Circle, Suite 3-5669<br>Las Vegas, NV 89134 | Ravinder P. Singh<br>1586 Vireo Ave.<br>Sunnyvale, CA 94087 |
| Ravi Thota<br>7610 Balmoral Way<br>San Ramon, CA 94582 | S. Raghupathy<br>4038 Emerald Isle Lane<br>San Jose, CA 95135 | Anuradha Chirala<br>15354 Sycamore Drive<br>Morgan Hill, CA 95037 |
| Christopher Yoshio Sato<br>Ami Jayendra Sato<br>91 Thornhurst<br>Irvine, CA 92620 | Girish Nagasandra<br>6642 Sierra Lane<br>Dublin, CA 94568 | Kadthala R Narendrnath<br>3686 Slopeview Dr.<br>San Jose, CA 95148 |
| Mahis Invesco LLC<br>902 Azure St.<br>Sunnyvale, CA 94087 | Pavan Nayak<br>3686 Slopeview Dr<br>San Jose, CA 95148 | Ravi Thota<br>7610 Balmoral Way<br>San Ramon, CA 94582 |
| Sathappan Family Living Trust dated October 19, 2016<br>5544 Perugia Circle<br>San Jose, CA 95138 | Shailendra Reddy<br>1623 Whitfield St.<br>Sugarland, TX 77479 | Suketu Patel<br>1611 Monroe Way<br>Rocklin, CA 95765 |
| Sushil Warrier<br>1831 Shaddy Terrace<br>Fremont, CA 94539 | Vachana Shigehalli<br>5366 Shattuck Ave.<br>Fremont, CA 94555 | Vishwas Sripad Hegde<br>3130 Aran Way<br>Dublin, CA 94568 |
| Xiaoping Chen<br>33762 Hearland Ct.<br>Union City, CA 94587 | Senior District Judge Susan Illston<br>United States District Court<br>Office of the Clerk<br>450 Golden Gate Ave, 16th Floor<br>San Francisco, CA 94102 | |

2887740.1