D.D. Hughmanick (State Bar No. 061571)
dhughmanick@terralaw.com
David B. Draper (State Bar No. 107790)
ddraper@terralaw.com
James A. McDaniel (State Bar No. 300041)
jmcdaniel@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Ste. 910
San Jose, CA 95113
Telephone:  (408) 299-1200
Facsimile:   (408) 998-4895

Attorneys for Creditors
Marwan Naboulsi and Rana Naboulsi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>Defendants. | Case No.:  3:20-CV-09247-SI<br><br>**CREDITORS MARWAN NABOULSI AND RANA NABOULSI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RECEIVER'S MOTION FOR ORDER: (1) APPROVING CONSTRUCTION FUNDING AGREEMENT WITH ACRES CAPITAL; (2) AUTHORIZING EMPLOYMENT OF SPECIAL REAL ESTATE COUNSEL; (3) APPROVING THE FORM OF CONDOMINIUM PURCHASE AGREEMENTS AND AUTHORIZING THE SALE OF THOSE UNITS FREE AND CLEAR OF LIENS**<br><br>Date:   December 3, 2021<br>Time:  10:00 a.m.<br>Crtrm: 1 - 17th Floor (hearing via Zoom)<br>Judge: Hon. Susan Ilston |

4884-0453-8370, v. 1

1

**CREDITORS NABOULSIS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RECEIVER'S MOTION  FOR ORDER APPROVING CONSTRUCTION FUNDING AGREEMENT, ETC.**

Creditors Marwan Naboulsi and Rana Naboulsi object to the Receiver's Motion for Orders as it pertains to (1) Approving Construction Funding Agreement with Acres Capital and, (3) Approving the Form of the Condominium Purchase Agreements and Authorizing the Sale of Those Units Free and Clear of Liens, as follows:

## I. INTRODUCTION

Marwan and Rina Naboulsi (Naboulsi) hold contract rights for the purchase of four condominiums, units 327, 512, 222 and 423 in the 1853 Almaden Road (The Almaden) development. They are part of a group of persons who have made purchase money deposits on the condominium units in The Almaden and Osgood developments currently under the control of the Receiver. This group of persons will be referred to herein as the "Depositors".

Naboulsis' object to the provision of the Acres agreement that allows Acres to pay for the Receiver's attorneys, and thus the Receiver, to take action against certain purchase agreements at The Almaden and Osgood. As the Receiver points out, the actions only benefit Acres. Acres has the money to file whatever is necessary to challenge the purchase contracts, they have the legal arguments, why should the Receiver be involved?

## II. FACTS

The Naboulsis entered into two purchase agreements with SiliconSage Builders in December 2018 after their son had contracted to purchase a unit in the development. The Naboulsis wanted the condominiums for their other children so that they could be neighbors with their brother. In May 2020 the Nabousis decided to buy two more units, one for themselves and one for Ms. Naboulsi's mother, so that their family would live in the same neighborhood. The transactions were made through the listing agent for The Almaden.

The first two units, 327 and 512, purchased in 2018, had deposits of 3% of the purchase price. The deposit on unit 327 was later increased by another $135,000.

The Naboulsis entered into a purchase agreement for units 222 and 423 and deposited $995,000 when they were offered an approximate 7% discount for buying two units. Mr. Naboulsi was also told that the project needed funds for completion and that his deposit would go towards construction. Since the Naboulsis were already buying two units they believed the

deposits on the units they were buying would help the project be completed and their overall purchases would be protected.

There have been no discussions between the Receiver and the Naboulsis about terminating their purchase agreements.  The Naboulsis are ready to perform their remaining obligations under their purchase agreements.

**III.   ARGUMENT**

The Naboulsis object to the Receiver's unsupported motion to summarily deny them due process and depriving them of their property rights because the Receiver believes that would be a good idea.  The Receiver's motion discusses the recharacterization of the Naboulsis' purchase contracts as loans as part of the Acres agreement and then asks the Court for permission to sell the units in The Almaden free and clear of liens before any adjudication has been made as to the validity of the Naboulsis' purchase agreements.

The Receiver does not cite any legal authority that would allow his unilateral recharacterization of the Naboulsis', and others, contract rights from a purchaser's lien to an unsecured loan.  The Receiver apparently bases his request to the Court to sell the condominium units free and clear of liens on the assumption that the purchase contracts and deposits will be invalidated sometime in the future.

The Receiver's overall motion is based upon his desire to go forward with an agreement with Acres, instead of TriGate, to finish the construction of The Almaden and Osgood.  The agreement is not final or approved by the Court.  As consideration for the Receiver entering into the agreement Acres will pay the receivership estate $400,000.  Acres needs to have some of the deposit contracts voided so that it can sell the completed condominiums without having to sell to the original buyers or refund the deposits.  To accomplish this Acres has agreed to pay all the Receiver's past costs and attorney's fees incurred in the management of the construction since the Receiver was appointed.  In addition, Acres will then pay the Receiver's attorney's fees to file motions to void approximately sixteen purchase agreements made for The Almaden and Osgood.

The Receiver's motion readily admits that "Acres is being granted this relief because a

foreclosure sale will eliminate any junior interest … including these purchase agreements." (Receiver's Motion, page 13, line 11).  While it is true that the Receiver is providing this "relief", for consideration, there is no legal authority cited that the Naboulsis' and other depositor's interests would be eliminated by foreclosure.  The Receiver's papers state that some purchaser's contracts, whose deposits were also released to SiliconSage would not be eliminated or subject to the Receiver's motions subsidized by Acres.  (Receiver's Motion page 14, lines 18 -20).  Would that also be true in a foreclosure?

The Acres agreement provides that even if foreclosure does take place The Almaden and Osgood would remain within the receivership estate.  The threat of foreclosure is only against the purchase contracts.  The Receiver admits in its papers that the contemplation of foreclosure under the Acres agreement is unusual.  That is correct because even if Acres, as the senior lienholder, forecloses nothing changes.  The properties remain within the receivership estate.  Foreclosure under the Acres agreement is just another way to try and invalidate the purchase contracts.  The threat of foreclosure here does not involve the receivership estate losing the properties.  (Acres agreement, Ex.5, Sec. 2.5, pages 285-286, lines 4 – 7).  The Naboulsis object to the Acres agreement which allows Acres to fund efforts to eliminate the purchase contracts by paying the Receiver's attorneys to bring the motions against creditors of the estate.  The subsidy favors one creditor, who has the assets, to utilize the receivership against other, less financed creditors.

**IV.   CONCLUSION**

The Receiver's motion for authorization to sell The Almaden and Osgood condominium units free and clear of liens should be denied as to the units where it is contesting the existing purchase agreements.  Allowing the contested units to be re-sold free and clear of liens summarily denies the Naboulsis, and others, of their contract rights without due process.  The Receiver and Acres are proposing two alternative methods of challenging the contested purchase contracts and their success should not be presumed by allowing the units to be sold prior to a full adjudication of the purchasers' rights.

The Naboulsis object to the Acres agreement to the extent it allows Acres to finance the

Receiver's stated motions to challenge the Naboulsis and other purchase agreements. Acres has the funds to take independent action if it deems necessary and should not be allowed to invoke the power and status of the Receiver.

Dated: November 12, 2021                           TERRA LAW LLP

                                    By: /s/ David B. Draper
                                        David B. Draper
                                        Attorneys for Creditors
                                        Marwan Naboulsi and Rana Naboulsi

4884-0453-8370, v. 1