**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Counsel for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>        v.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>                              Defendants. | Case No. 3:20-cv-09247-SI<br><br>**THIRD QUARTERLY REPORT OF THE RECEIVER**<br><br><u>Hearing Information</u>;<br>Date:      January 7, 2022<br>Time:      3:00 p.m.<br>Crtrm.:    1 – 17th Floor (hearing via Zoom)<br>Judge:    Susan Illston |

*SMILEY WANG-EKVALL, LLP*
*3200 Park Center Drive, Suite 250*
*Costa Mesa, California 92626*
*Tel 714 445-1000 • Fax 714 445-1002*

2893324.3

STATUS REPORT

# TABLE OF CONTENTS

Page

I.  GENERAL DESCRIPTION OF THE RECEIVER'S ACTIVITIES AND
    EFFORTS IN THE THIRD QUARTER ........................................................ 1

    A.  General Operations of the Receiver ....................................... 1

    B.  Cash on Hand & Receipts & Disbursements ............................ 2

        1.  General Receivership Cash Activity ............................... 3

        2.  Almaden & Osgood Cash Activity ................................. 3

II. STATUS OF THE RECEIVER'S ADMINISTRATION OF ASSETS ...................... 4

    A.  Overview ................................................................... 4

    B.  Recovery Efforts by Project ............................................. 4

        1.  138 Balbach, LLC ................................................. 5

        2.  1460 Monroe, LLC ................................................ 5

        3.  528 Mathilda, LLC ............................................... 5

        4.  B Street Hayward, LLC ........................................... 5

        5.  Sage at Irvington, LLC ........................................... 5

        6.  Peralta at Fremont, LLC ......................................... 6

        7.  Downtown Gateway Retail, LLC, as Successor to 1313
            Franklin, LLC .................................................. 6

        8.  Little Portugal Gateway, LLC .................................... 6

        9.  538 Mathilda Avenue, LLC ....................................... 7

        10. 2101 Alum Rock, LLC ............................................ 7

        11. 1821 Almaden, LLC, and Osgood, LLC ............................. 8

        12. Walnut Morgan Hill, LLC ........................................ 9

III. STATUS OF THE FORENSIC ACCOUNTING ................................... 9

    A.  Sources and Uses of Cash ............................................. 10

    B.  Analysis of Certain Transfers ........................................ 11

IV. MISCELLANEOUS ISSUES RELATED TO ADMINISTRATION OF THE
    RECEIVERSHIP ESTATE .................................................... 11

    A.  Claims Process ....................................................... 11

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

i

2893324.3

B.     Pending Litigation Against the Receivership Entities for Which
Insurance Coverage May Be Available ....................................................... 12

C.     401k Plan Administration & Wind-Down ..................................................... 12

D.     Fees and Costs of the Receiver and His Counsel ..................................... 12

V.     REQUEST FOR AUTHORITY TO PURSUE A FRAUDULENT TRANSFER
ACTION ............................................................................................................... 14

VI.     CONCLUSION ..................................................................................................... 14

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TO THE HONORABLE SUSAN ILLSTON, UNITED STATES DISTRICT JUDGE, THE SECURITIES & EXCHANGE COMMISSION, THE DEFENDANT AND HIS COUNSEL, AND INVESTORS AND CREDITORS OF THE RECEIVERSHIP ENTITIES:**

David Stapleton, the permanent receiver (the "Receiver") appointed by the Court pursuant to the *Order on Plaintiff Securities and Exchange Commission's Motion for Appoint of Receiver* (the "Receivership Order") that was entered on February 10, 2021, submits this Third Quarterly Report to apprise the Court of the actions taken by the Receiver since the filing of the last status report, which covered the period through July 31, 2021.  This report formally covers the period through October 31, 2021, although some of the information contained in it is current as of the date of the filing of the report.

The purpose of this status report is to update all parties on progress related to the recovery plan and the marketing and sale of receivership assets and to set forth the Receiver's next steps in carrying out the recovery plan for the Receivership Estate. The Receiver requests entry of an order approving this Third Quarterly Report.

**I.**    **GENERAL DESCRIPTION OF THE RECEIVER'S ACTIVITIES AND EFFORTS IN THE THIRD QUARTER**

**A.**    **General Operations of the Receiver**

During the Third Quarter, the Receiver continued to market and sell the various properties owned by the Receivership Entities.  The sale of the Balbach property closed, and the sale of the properties owned by 528 Mathilda, LLC, and 1460 Monroe, LLC, were approved by the Court and closed.  The sale of these three properties generated a combined approximately $11.0 MM in proceeds for the Receivership Estate. The Receiver also moved for approval of the sale of the real property owned by Sage at Irvington, LLC, also known as "Osgood 2" and escrow closed on November 30, 2021, generating an additional $2.6 million for the Receivership Estate.  The Receiver continues to market the remainder of the properties that have been listed for sale.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

A major focus of the efforts of the Receiver and his team during the Third Quarter has been on continuing with the ongoing construction at the condominium projects owned by Osgood, LLC, and 1821 Almaden, LLC.   TriGate Almaden PE Investor, LLC, and TriGate Fremont PE Investor, LLC, the preferred equity members of Osgood, LLC, and 1821 Almaden, LLC, filed a motion to remove these entities from the Receivership Estate for the reasons set forth in that motion, which the Receiver does not believe are well taken. The Receiver opposed that motion and filed his own motion to approve the Construction Funding Agreement he negotiated with Acres Capital, LLC, the existing construction lender on both projects.  The hearings on those motions are scheduled for December 6, 2021.

On a day-to-day basis, the Receiver, his team and his counsel continue to:

- field numerous inquiries from various constituents, including creditors and their counsel, investors, and former employees who have information regarding the status of the SiliconSage projects and the history of the company's operations and finances.

- analyze the financial records and bank statements in order to determine the source of the money into the Receivership Entities, as that term is defined in the Order, and how money flowed between the Receivership Entities.

- review the disbursement of funds to investors, vendors and creditors from each of the Receivership Entities to confirm the accuracy of the reports and records.

- manage the construction of the Almaden and Osgood projects

- review offers and negotiate with buyers in an effort to sell the remaining property of the Receivership Estate, and coordinate with real estate brokers to move towards completing the same.

**B.     Cash on Hand & Receipts & Disbursements**

As of the date of appointment, the Receivership Entities had 62 bank accounts at Chase Bank with a cumulative cash balance of -$6,321 (negative balance). The Receiver established certain receivership trust accounts to deposit miscellaneous receipts for the

Receivership Entities. For purposes of this report and to isolate the Receiver's work and the funding and expenses specific to the two ongoing construction projects at Almaden and Osgood, the Receiver will bifurcate efforts into *General Receivership Cash Activity* and *Almaden / Osgood Cash Activity* below.

### 1. General Receivership Cash Activity

Since the date of the Receiver's appointment and not including receipts and disbursements related to the two ongoing construction projects, the Receiver has collected $62,731,365 and disbursed $51,322,542, for an ending cash balance of $11,408,823 as of October 31, 2021.[1] Of the $51,322,542 of disbursements, $48,800,269 were paid in the form of loan payments associated with loan payoffs to secured lenders at the time of closing sales and $78,312 were paid in the form of security deposits turned over to the buyer of the Balbach apartment building. Attached as Exhibit 1 is a summary of cash receipts and disbursements for Q3 2021 and for the receivership period through October 31, 2021, for all entities except for Almaden and Osgood.

### 2. Almaden & Osgood Cash Activity

Since the date of the Receiver's appointment and in order to keep construction moving forward, Acres Capital, the secured creditor with the senior lien on both the Almaden and Osgood properties, has made protective advances under its construction loans to fund ongoing construction expenses for the Almaden and Osgood projects. During the Third Quarter, the Receiver and Acres documented their agreement regarding the funding of the completion of construction and have submitted it to the Court for approval. As of October 31, 2021, Acres had funded $14,770,362 and the Receiver has disbursed $9,779,266 related specifically to the Almaden and Osgood projects. All of the amounts funded are for actual costs to be paid related to the ongoing construction of these projects,

---

[1] While the concurrently filed Third Fee Application of Receiver and Receiver's counsel covers the third quarter (Q3) 2021 period ending 9/30/2021, the Receiver is including cash receipts and disbursements activity in this report through October 31, 2021 to provide more recent information and to capture activity from substantial sales closed during October 2021. The Receiver has recorded gross receipts and gross disbursements of all amounts funded through escrow and received and paid at the time of the closing of the various sales.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3

and the difference between funds received and funds disbursed is merely related to timing differences and the fees and costs of the Receiver that have not yet been paid.   The foregoing amount of protective advances includes allocations for the Receiver's fees and costs.   However, if the Court approves the Construction Funding Agreement for these projects, Acres will not add the amount advanced for the Receiver's fees and costs related to the management of the project to its loan, so the actual amount of protective advances will be reduced accordingly.   Attached as Exhibit 2 is a summary of cash receipts and disbursements for Q3 2021 and for the receivership period through October 31, 2021. These projects are discussed in more detail below.

Exhibit 3 is the Standardized Fund Accounting Report for the quarter ended September 30, 2021.

## II.   STATUS OF THE RECEIVER'S ADMINISTRATION OF ASSETS

### A.   Overview

Shortly after his appointment, the Receiver listed all of the real property owned by the Receivership Entities for sale, except for the two condominium projects.  The Receiver has sold the real properties owned by B Street Hayward, LLC, 138 Balbach, LLC, 1460 Monroe, LLC, 528 Mathilda, LLC, and Sage at Irvington, LLC and continues to market the remaining real estate. The sales have each required negotiations with the secured creditors regarding default interest and other details, with the secured creditors giving concessions in order to increase the amount realized by the Receivership Estate.   The two ongoing construction projects have presented more complex issues, as detailed below.

### B.   Recovery Efforts by Project

As previously discussed, the Receiver identified thirteen properties that comprise the Receivership Estate and the Receiver and his team have evaluated each property separately.  Twelve of them have been listed for sale. The current status and associated debt of every identified property is outlined in the following, with the five (5) properties that

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

have been sold discussed first:[2]

### 1.   138 Balbach, LLC

138 Balbach, LLC held title to a fully-built apartment building in San Jose.   During the Third Quarter, the Receiver closed escrow on the sale of this property, generating net proceeds of  approximately $10.7 million for the Receivership Estate.

### 2.   1460 Monroe, LLC

1460 Monroe, LLC owned three retail units on the ground floor of a condominium project located at 1374-1378 El Camino Real, Santa Clara, CA.  During the third quarter, the Receiver closed escrow on the sale of all three units, generating total net proceeds of approximately $177,000 for the Receivership Estate.

### 3.   528 Mathilda, LLC

528 Mathilda, LLC owned a commercial unit on the ground floor of a residential building, directly adjacent to the SiliconSage corporate office.  During the third quarter, the Receiver closed escrow on the sale of this commercial unit, generating net proceeds of approximately $142,000 for the Receivership Estate.

### 4.   B Street Hayward, LLC

When the Receiver was appointed, there was a sale pending for a townhome located at 106 B Street in Hayward.  The Receiver obtained Court approval to proceed with that sale and closed escrow on this property in the second quarter, generating net proceeds of approximately $414,000 for the Receivership Estate.

### 5.   Sage at Irvington, LLC

Sage at Irvington, LLC owns land that has been submitted for entitlement and on which a warehouse and residence are located.  The property address is 42021 & 41965 Osgood Road in Fremont, CA.  During the third quarter, the Receiver filed a motion for approval of the sale of this property for $13.5 million, and the Court approved that sale in

---

[2]  The debt and potential recovery figures presented in this report are estimates only and will continue to be updated as things develop and additional information is made available to the Receiver.

November 2021.  It closed on November 30, 2021, and generated net proceeds of $2.6 million for the Receivership Estate.

### 6.  Peralta at Fremont, LLC

Peralta at Fremont, LLC owns land that is fully entitled for a mixed-use development project at 3780 Peralta Blvd. in Fremont.  The Receiver recently accepted an offer to purchase this property for $23 million, although the buyer has sixty days from November 17, 2021, to complete its due diligence.  The Receiver is analyzing the validity of the liens against this property and expects it to generate at least $2 million in net proceeds for the Receivership Estate.

### 7.  Downtown Gateway Retail, LLC, as Successor to 1313 Franklin, LLC

Downtown Gateway Retail, LLC owns seven retail units on the ground floor of a fully built condominium project that was previously owned by 1313 Franklin, LLC.  The Receiver has marketed these units both as a collective and individually and has received offers on each of the units. The offers total an amount that will require concessions from the holder of the first priority lien against these units and discussions with the secured creditor are underway. The Receiver expects to file a motion for approval of these sales and the agreement with the secured creditor in the next quarter.

### 8.  Little Portugal Gateway, LLC

Little Portugal Gateway, LLC owns one of two parcels that are required to complete development of a fully-entitled condominium development project located at 1665 Alum Rock Avenue in San Jose, CA.  Prior to the Receiver's appointment, SiliconSage Builders signed an agreement to purchase the second parcel that is required, but allegedly breached that agreement.  Because the seller expressed to the Receiver a continued willingness to sell the parcel, the Receiver marketed the parcels together as that would have yielded a significantly higher price than marketing only the parcel owned by Little Portugal Gateway, LLC.  Unfortunately, the Receiver has not received any viable offers for the full assemblage.  As a result, during the third quarter,

the Receiver made the decision to market only the parcel that Little Portugal Gateway, LLC owns and has received an offer that will require concessions from the senior lienholder.  Discussions are underway and assuming that the senior lienholder is amenable to the required concessions and the due diligence contingency is satisfied, the Receiver expects to present the sale to the Court for approval in the next quarter.

### 9. 538 Mathilda Avenue, LLC

538 Mathilda Avenue, LLC owns the first floor retail/office space at 560 S. Mathilda Avenue in Sunnyvale and is where the SiliconSage Builders corporate office was located. After months of marketing, the Receiver has received an offer to acquire the property for an amount that is less than the secured debt owed on the project.  The Receiver is in discussions with the lenders in an attempt to obtain their consent to concessions on the total outstanding debt owed to allow for a meaningful recovery to the Receivership Estate.  Assuming these discussions and negotiations are productive, the Receiver will present the sale to the Court in the next quarter.  If the discussions are unsuccessful, the Receiver will likely abandon this asset.

### 10. 2101 Alum Rock, LLC

2101 Alum Rock, LLC owns land that is located at 2101-2149 Alum Rock Avenue in San Jose, CA. At the time the Receiver was appointed, 2101 Alum Rock, LLC was in the process of obtaining entitlements for an 800-unit development that involved parcels not owned by 2101 Alum Rock (the "Alum Rock Project").  The portion owned by 2101 Alum Rock, LLC, consists mostly of raw land with an abandoned gas station and a building that is currently leased to Sunbelt Rentals. Prior to the Receiver's appointment, the intention was to get the property entitled for a 800-unit condominium development. With no strong indication of interest from buyers to pursue the completion of this project as designed, and no financial resources to fund it, the Receiver has marketed the property and project as-is and has not furthered the in-process entitlement efforts.  Pre-receivership, SiliconSage Fund 1, LLC, a Delaware limited liability company (Series) – Series 4, signed agreements to purchase the other parcels to accommodate the

development of the Alum Rock Project.  The Receiver is informed that these agreements were breached prior to his appointment.  Notwithstanding that breach, the neighboring landowners expressed an interest in working with the Receiver to attempt to facilitate a sale of the parcels together.  Unfortunately, no viable offers have been received.  The Receiver has also marketed just the parcel owned by 2101 Alum Rock, LLC, but has not received any serious expressions of interest.  In October, Parkview Financial, the senior secured lender, filed a motion for relief from the Receivership Order in order to exercise its state law remedies.  The Receiver resolved that motion by agreeing that if the property was not in escrow by January 31, 2022, Parkview would have relief from the Receivership Order effective February 1, 2022.  If the property is in escrow on or before January 31, 2022, then the Receiver will have until April 30, 2022, to close escrow.  If escrow does not close by April 30, 2022, Parkview would have relief from the Receivership Order effective May 1, 2022.

In addition to the difficulties generating interest in this property, there is also a dispute about ownership of 2101 Alum Rock, LLC.  This is the subject of a pending motion scheduled for a hearing on January 7, 2022, at 10:00 a.m.  The Receiver is evaluating the motion to determine whether there is any purpose served to opposing the motion.

## 11.    1821 Almaden, LLC, and Osgood, LLC

1821 Almaden, LLC, and Osgood, LLC, each own partially-constructed condominium projects in the Bay Area.  These projects are the subject of two pending motions:  one filed by the preferred equity member of both entities to remove them from the receivership in exchange for the payment of $500,000, and one filed by the Receiver to complete construction and sell the units in exchange for a guaranteed payment of $400,000, plus the administrative costs incurred by the Receivership Estate in connection with the day-to-day management of the projects.  The Receiver will not lay out the history of these motions in this status report since it is described in detail in the motion and reply filed by the Receiver as docket numbers 211, 212, and 228 . The Receiver believes that

completion of construction and _**not**_ removing 1821 Almaden, LLC and Osgood, LLC from the Receivership Estate are in the best interests of all investors because it will preserve the possibility, however remote, that the completion may generate sufficient funds to provide an additional benefit to the Receivership Estate.  Keeping the entities in the receivership also results in the estate retaining any litigation claims that may be held by these entities and that could be pursued for the benefit of the Receivership Estate.

The hearing on these motions is scheduled for December 6, 2021, at 11:30 a.m.

### 12.   Walnut Morgan Hill, LLC

Walnut Morgan Hill, LLC owns land located at 17374 Walnut Grove Drive in Morgan Hill, CA.  Although Walnut Morgan Hill, LLC was listed as one of the Receivership Entities and it holds title to the Morgan Hill Project, it appears that last year, the ownership of this entity was transferred to an investor. That investor asserts that Walnut Morgan Hill, LLC should be removed as one of the Receivership Entities.  The Receiver is reviewing the documentation regarding the transfer of ownership as well as the potential value of the Morgan Hill Project but is not yet prepared to take a position on this issue at this time.  Pending the outcome of this analysis, the Receiver has not listed the Morgan Hill Project for sale.

### III.   STATUS OF THE FORENSIC ACCOUNTING

To-date, the Receiver's forensic efforts have focused on the following matters:

- Aggregating, analyzing, and assessing the reliability of the financial records belonging to Silicon Sage Builders, et. al.;
- Analyzing sources and uses of cash across all entities;
- Analyzing and calculating the amount of benefit received by S. Acharya from the Receivership Entities that may be subject to disgorgement; and
- Identifying potential claims to recover profits received by investors and other avoidable transfers;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

A.    <u>Sources and Uses of Cash</u>

Understanding the historical sources and uses of cash is a critical component of the forensic analysis as it explains how investor and creditor funds were used. The Receiver explored two methodologies for analyzing historical cash flow.  First, the annual financial statements were analyzed to produce annual cash flows between 2014 - 2020 for Silicon Sage Builders, Silicon Sage Construction, 138 Balbach, Silicon Sage Bridge Fund, and Silicon Valley Investment Partnership. While this methodology was informative, the Receiver discovered that a large volume of non-cash transactions within the financial statements obscured the true sources and uses of cash. The unraveling of non-cash transaction across all entities' books was deemed to be excessively costly to the estate, and therefore, the Receiver pivoted to the second methodology: an analysis of the bank statements to understand historical cash flow.

The Receiver aggregated and analyzed electronic bank statements for all 77 bank accounts associated with Receivership Entities. This analysis sought to identify and classify more than 130,000 transactions.  After review of the banking of several entities, the Receiver deemed this approach to also be very costly to the Receivership Estate as the bank transactions were voluminous and the descriptions of the transactions in the bank statements did not clearly identify the purpose of the transactions. For example, the Receiver analyzed one day of transactions for Peralta at Fremont LLC, SiliconSage Builders, SiliconSage Construction, and Silicon Sage Bridge Fund. On this single day, the four entities produced 317 transactions which accounted for inflows in the amount of $12,330,610 and outflows in the amount of $11,935,524. While the payors or payees for the majority of the transactions were available, the purpose of the transactions were not easily discernable. Extrapolating this review across eight years would require many hundreds of hours and cost the Receivership Estate a significant amount of money.

Therefore, the Receiver has determined that the best value add to the investors would be to replace the sources and uses analysis with analyses that determined whether the group of entities operated as a unitary enterprise and that produced investor

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

10

capital balances based on a money-in, money-out ("MIMO") approach. The unitary enterprise and MIMO analyses will serve as the foundation for the development of a distribution plan to be presented to the Court.

As a starting point for evaluating whether the Receivership Entities should be treated as a unitary enterprise or whether one or more of them should be treated as a standalone entity, the Receiver has randomly selected several different transactions initiated by 1821 Almaden, LLC, Osgood, LLC, and 180 Balbach, LLC, to determine the flow of funds.  Each of the transactions that was reviewed flowed through several entities, usually on the same day.  Although some portion of the transactions were used as the lender or investor intended, the majority reviewed so far were not.  Examples of this analysis are included as Exhibit 4.  The Receiver is randomly selecting additional transactions to analyze and will review additional entities to determine if they are consistent with the findings so far.  If they are, it is more likely than not that the Receiver would recommend that these entities be treated as a unitary enterprise so that assets and liabilities are pooled.  However, this analysis remains ongoing and subject to further testing and the Receiver is not yet prepared to make a recommendation on this issue.

### B. Analysis of Certain Transfers

The Receiver remains in the process of reviewing disbursements to investors to identify which investors were "net winners" who received back more than they put in. This analysis is ongoing.

## IV. MISCELLANEOUS ISSUES RELATED TO ADMINISTRATION OF THE RECEIVERSHIP ESTATE

### A. Claims Process

The Receiver intends to file a motion to approve a claims procedure with the Court in the next quarter.  However, it will be some time before the Receiver is in a position to make distributions to investors and creditors. The Receiver will provide further updates on this process and timing in his quarterly reports.

B.   **Pending Litigation Against the Receivership Entities for Which Insurance Coverage May Be Available**

As of the time of the Receiver's appointment, there were pre-litigation claims related to construction issues against a number of the Receivership Entities for which there is insurance coverage available and for which the insurance company was providing a defense.  The Receiver has verified that these policies are for property damage and bodily injury and are not a potential source of recovery for investors.  Consistent with how this issue is typically handled in a bankruptcy case, the Receiver is in the process of finalizing a stipulation to be presented to the Court that would permit the cases or claims to proceed as against insurance only and conditioned upon their waiver of any claims against the Receivership Estate.

C.   **401k Plan Administration & Wind-Down**

At the time of the Receiver's appointment, SiliconSage had an employer-sponsored 401k plan for eligible employees.  As set forth in the last status report, the Stapleton Group is acting as an independent fiduciary to terminate the plan and facilitate the distribution of its assets in a manner consistent with federal law.  The fees and costs incurred by Stapleton Group in connection with this process will be paid from assets of the 401k plan as permitted by the terms of that plan, as opposed to being borne by the Receivership Estate as a whole. Stapleton Group is working with the Employee Benefit Securities Administration to give the appropriate notices.

D.   **Fees and Costs of the Receiver and His Counsel**

For the first quarter of 2021, which was a partial quarter, the Receiver sought allowance of $357,006.00 in fees and $7,110.41 in costs, and the Court approved the fees in full and authorized the payment from available funds of $178,503.00 in fees and all of the costs. His counsel, Smiley Wang-Ekvall, LLP, sought allowance of $91,122.30 in fees and $9,208.71 in costs, and the Court approved the fees in full and authorized the payment from available funds of $36,383.04 in fees and all of the costs.  Payment of the amounts held back may be sought and approved at a later date. The amount allowed to

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

be paid by the Court was 50% of the requested fees based on the fact that the proceedings were still in the early stages and the various properties had not yet been sold.[3]

For the second quarter of 2021, the Receiver sought allowance of $641,953.50 in fees and $1,415.13 in costs, noting that $345,891.50 of those fees were related to the Almaden and Osgood construction projects.  The Court authorized the payment from available funds of $222,046.50 (representing 75% of the fees not related to Almaden and Osgood) and all of the costs and suspended ruling on the $345,891.50 until the outcome of the December 6, 2021, hearings was known. Smiley Wang-Ekvall sought allowance of $130,885.65 in fees and $1,593.37 in costs, noting that $41,949.45 of the fees were incurred in connection with legal issues pertaining to the Osgood and Almaden construction projects. The Court authorized payment from available funds of $60,649.76 in fees (again representing 75% of the fees not related to Almaden and Osgood) and all of the costs.  It reserved ruling on the fees associated with the Almaden and Osgood projects pending the outcome of the motions that are currently scheduled for a hearing on December 6, 2021.  Payment of the amounts held back may be sought and approved in connection with the final fee application hearing at the end of the case.

Concurrent with the filing of this Status Report, the Receiver and Smiley Wang-Ekvall are submitting fee applications for the third quarter ending on September 30, 2021. The Receiver is seeking allowance of $577,408 in fees and $1,228.76 in costs, and Smiley Wang-Ekvall is seeking the allowance of $93,388.95 in fees and $3,466.81 in costs.  Under the construction funding agreement that has been submitted to the Court for approval and that is set for a hearing on December 6, 2021, if the Court approves the Receiver's motion, the Receiver's fees and costs related to the day-to-day management

_____

[3] The order entered by the Court appears to have inadvertently miscalculated 50% of the Firm's fees as $36,383.04.  50% of the Firm's requested fees should have been $45,561.15.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

of the Almaden and Osgood projects, which are included in the above amounts, would be borne solely by Acres Capital and not by the Receivership Estate.

## V.   <u>REQUEST FOR AUTHORITY TO PURSUE A FRAUDULENT TRANSFER</u> <u>ACTION</u>

Section IX of the Receivership Order requires leave of Court to commence litigation.  The Receiver has recently determined that Mr. Acharya used funds belonging to SiliconSage Builders, LLC, to pay for land in Manteca for his in-laws, on which they subsequently built a residence (the ""Manteca Property").  Specifically, on April 1, 2020, Mr. Acharya wired $455,000 into his bank account with Digital Federal Credit Union and, on the same day, withdrew $452,899.67 that was deposited into the escrow at Old Republic Title Company for his in-laws' acquisition of the land.  The Receiver seeks authority to commence litigation in the U.S. District Court to seek a judgment against the in-laws for the value of the property transferred or a determination that the Manteca Property belongs to the Receivership Estate because it was acquired with funds belonging to a Receivership Entity.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, the Receiver requests entry of an order:

(A)     Approving this Status Report; and

(B)     Authorizing the Receiver to commence litigation related to the Manteca Property; and

\\

\\

\\

\\

\\

\\

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    (C )    Granting such other and further relief as the Court deems just and proper.

2

3    DATED:  December 3, 2021            Respectfully submitted,

4                                        SMILEY WANG-EKVALL, LLP

5

6                                        By:  _____/s/ Kyra E. Andrassy_____

7                                             KYRA E. ANDRASSY
                                             Attorneys for David Stapleton, Receiver
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2893324.3                          15                    STATUS REPORT

EXHIBIT "A"

**SEC v. SiliconSage Builders, et al.**
**Cash Receipts & Disbursements - All Receivership Entities _Excluding Almaden & Osgood_**
2/10/2021 - 10/31/2021

| | 2/10/2021 - 3/31/2021 Q1 2021 (partial) | 4/1/2021 - 6/30/2021 Q2 2021 | 7/1/2021 - 9/30/2021 Q3 2021 | 10/1/2021 - 10/31/2021 Q4 2021 (partial) | 1313 Franklin, LLC | 138 Balbach, LLC | 1460 Monroe LLC | 2101 Alum Rock, LLC | 510 S. Mathilda Ave. | B Street Hayward, LLC | Peralta At Fremont LLC | Siliconsage Builders, LLC | Total, 2/10/21 - 10/31/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | - | 22,713 | 449,300 | 574,382 | - | - | - | - | - | - | - | - | - |
| **RECEIPTS** | | | | | | | | | | | | | |
| Misc. Deposits (Initial Capital) | 12,923 | - | - | 1,734 | - | - | - | - | - | - | - | 14,657 | 14,657 |
| Impound Accounts Refund | | | | 273,807 | - | 273,807 | - | - | - | - | - | - | 273,807 |
| **INCOME** | | | | | | | | | | | | | |
| *RENTAL INCOME* | | | | | | | | | | | | | |
| Rental Income | 2,278 | 65,454 | 60,954 | (153,144) | 4,666 | (168,628) | - | 131,505 | 8,000 | - | - | - | (24,457) |
| Prepaid Rent | - | 28,985 | (14,279) | (1,573) | - | (1,573) | - | 14,707 | - | - | - | - | 13,134 |
| TOTAL RENTAL INCOME | 2,278 | 94,440 | 46,676 | (154,716) | 4,666 | (170,201) | - | 146,212 | 8,000 | - | - | - | (11,323) |
| *EXPENSE REIMBURSEMENT* | | | | | | | | | | | | | |
| Passthru Janitorial | - | (340) | - | - | - | - | - | - | - | (340) | - | - | (340) |
| TOTAL EXP REIMBURSEMENT | - | (340) | - | - | - | - | - | - | - | (340) | - | - | (340) |
| *SALE OF ASSETS* | | | | | | | | | | | | | |
| Sale of Assets | - | 949,000 | 4,198,080 | 59,900,000 | - | 53,450,000 | 4,198,080 | - | - | 6,450,000 | 949,000 | - | 65,047,080 |
| Exp of Sale - Commissions | - | (23,725) | (167,911) | (630,250) | - | (469,000) | (167,911) | - | - | (161,250) | (23,725) | - | (821,886) |
| Exp of Sale - Escrow & Title Charges | - | (2,778) | (30,772) | (1,356,445) | - | (1,081,219) | (30,308) | (809) | - | (275,690) | (2,778) | - | (1,389,996) |
| Exp of Sale - Prof. & Misc Fees | - | - | (803) | (195,136) | - | (195,130) | - | - | - | - | - | - | (195,939) |
| Exp of Sale - Loan Cost | - | - | - | (201,302) | - | (201,302) | - | - | - | - | - | - | (201,302) |
| TOTAL SALE OF ASSETS | - | 922,497 | 3,998,594 | 57,516,867 | - | 51,503,349 | 3,999,052 | - | - | 6,013,060 | 922,497 | - | 62,437,957 |
| Miscellaneous Income | - | 16,608 | - | - | - | - | - | - | - | - | 16,608 | - | 16,608 |
| TOTAL OTHER INCOME | - | 16,608 | - | - | - | - | - | - | - | - | 16,608 | - | 16,608 |
| **TOTAL INCOME** | 2,278 | 1,033,204 | 4,045,269 | 57,362,151 | 4,666 | 51,333,148 | 3,999,052 | 146,212 | 6,020,720 | 939,104 | - | - | 62,442,902 |
| **TOTAL RECEIPTS** | 15,200 | 1,033,204 | 4,045,269 | 57,637,692 | 4,666 | 51,606,955 | 3,999,052 | 146,212 | 6,020,720 | 939,104 | - | 14,657 | 62,731,365 |
| **EXPENSES** | | | | | | | | | | | | | |
| *DIRECT EXPENSES* | | | | | | | | | | | | | |
| Repairs & Maintenance | - | 492,064 | 9,050 | 349 | - | - | - | - | - | 495,963 | 4,500 | 1,000 | 501,463 |
| Computer Tech & Software Expense | 2,304 | 7,846 | 6,335 | 2,296 | - | - | - | - | - | - | - | 18,780 | 18,780 |
| Insurance Exp | - | (1,095) | 51,987 | 14,631 | - | 50,571 | - | 16,047 | - | - | - | (1,095) | 65,523 |
| Fence Rental | - | - | 2,950 | - | - | - | - | - | - | - | 2,950 | - | 2,950 |
| Property Tax | - | 19,027 | 89,521 | 387,832 | - | 184,071 | 89,521 | 6,342 | 207,824 | 8,623 | - | - | 496,380 |
| Utilities | (9,960) | - | (16,669) | 10,115 | - | 9,140 | - | - | - | 479 | - | (26,133) | (16,514) |
| Telecommunication Expense | - | 1,590 | 1,884 | 429 | - | - | - | - | - | - | - | 3,902 | 3,902 |
| TOTAL DIRECT EXPENSES | (7,656) | 519,431 | 145,058 | 415,652 | - | 243,782 | 89,521 | 22,389 | 207,824 | 505,064 | 7,450 | (3,546) | 1,072,485 |
| *GENERAL & ADMINISTRATIVE* | | | | | | | | | | | | | |
| Office Expense | 48 | (48) | - | (78) | - | (78) | - | - | - | - | - | - | (78) |
| Professional Fees | - | - | - | 4,557 | - | - | - | - | - | - | - | 4,557 | 4,557 |
| Non-Employee Compensation | 96 | - | - | - | - | - | - | - | - | - | - | 96 | 96 |
| Other Expenses | - | - | - | (6,328) | - | (6,328) | - | - | - | - | - | - | (6,328) |
| TOTAL G & A EXPENSE | 144 | (48) | - | (1,849) | - | (6,406) | - | - | - | - | - | 4,653 | (1,753) |
| *INTEREST EXPENSE* | | | | | | | | | | | | | |
| Interest Expense | - | 1,616 | - | 1,371,614 | - | 558,464 | - | - | 813,150 | 1,616 | - | - | 1,373,230 |
| TOTAL INTEREST EXPENSE | - | 1,616 | - | 1,371,614 | - | 558,464 | - | - | 813,150 | 1,616 | - | - | 1,373,230 |
| **TOTAL EXPENSES** | (7,512) | 520,999 | 145,058 | 1,785,417 | - | 795,840 | 89,521 | 22,389 | 1,020,974 | 506,680 | 7,450 | 1,108 | 2,443,962 |
| **NET INCOME** | 9,790 | 512,205 | 3,900,211 | 55,576,734 | 4,666 | 50,537,308 | 3,909,530 | 123,823 | 4,999,747 | 432,424 | (7,450) | (1,108) | 59,998,940 |
| Loan Pay - Balances | - | (85,617) | (3,775,129) | (44,939,522) | - | (40,089,446) | (3,732,425) | (109,117) | (4,850,000) | (19,281) | - | - | (48,800,269) |
| Security Deposit Return | - | - | - | (78,312) | - | (78,312) | - | - | - | - | - | - | (78,312) |
| Intercompany Cash Transfer | - | - | - | - | - | 50,571 | - | - | - | (50,571) | - | - | - |
| **Ending Cash Balance** | 22,713 | 449,300 | 574,382 | 11,408,823 | 4,666 | 10,693,928 | 177,105 | 14,707 | 149,747 | 362,572 | (7,450) | 13,549 | 11,408,823 |

**Exhibit A**

EXHIBIT "B"

**SEC v. SiliconSage Builders, et al.**
**Cash Receipts & Disbursements - _ALMADEN & OSGOOD ONLY_**
2/10/2021 - 10/31/2021

| | 2/10/2021 -<br>3/31/2021<br>Q1 2021<br>(partial) | 4/1/2021 -<br>6/30/2021<br>Q2 2021 | 7/1/2021 -<br>9/30/2021<br>Q3 2021 | 10/1/2021 -<br>10/31/2021<br>Q4 2021<br>(partial) | Inception through 10/31/2021 | | |
|---|---|---|---|---|---|---|---|
| | | | | | 1821 Almaden,<br>LLC | Osgood,<br>LLC | Total<br>2/10 - 10/31/21 |
| **Beginning Cash Balance** | - | - | 4,928,622 | 3,508,535 | - | - | - |
| Protective Advances from Lender | - | 6,382,576 | 5,597,950 | 2,781,552 | 7,769,494 | 6,992,584 | 14,762,078 |
| **OVERHEAD COST** | | | | | | | |
| Utility | - | (1,758) | (51,004) | (3,605) | (12,744) | (43,623) | (56,367) |
| Equipment/Storage Rental | - | (17,064) | (94,453) | (51,611) | (133,643) | (29,485) | (163,128) |
| General Labor | - | (178,232) | (246,097) | (53,401) | (297,154) | (180,575) | (477,729) |
| Miscellaneous (O/H Cost) | - | (11) | (1,025) | - | - | (1,036) | (1,036) |
| SUB-TOTAL OVERHEAD COST | - | (197,065) | (392,579) | (108,617) | (443,541) | (254,720) | (698,261) |
| **SITEWORK COST** | | | | | | | |
| Erosion Control/ SWPP | - | (6,840) | (4,955) | (8,265) | - | (20,060) | (20,060) |
| Signs & Stripping | - | - | (45) | - | - | (45) | (45) |
| Waterproofing | - | - | (15,334) | - | (15,334) | - | (15,334) |
| SUB-TOTAL SITEWORK COST | - | - | (15,334) | (8,265) | (15,334) | (20,105) | (35,439) |
| **DIRECT CONSTRUCTION COSTS** | | | | | | | |
| Appliances - Supply & Install | - | - | - | (133,592) | - | (133,592) | (133,592) |
| Cabinet Tops - Granite | - | - | (157,197) | (28,470) | (28,470) | (157,197) | (185,667) |
| Cabinets - Supply & Install | - | - | (70,502) | - | - | (70,502) | (70,502) |
| Concrete Foundation - Podium & Shoring | - | - | (25,712) | (2,581) | (28,293) | - | (28,293) |
| Doors - Metal & Jambs | - | - | (195,877) | (65,693) | (31,492) | (230,078) | (261,570) |
| Drywall | - | - | (67,511) | (44,469) | - | (111,981) | (111,981) |
| Electrical Wiring | - | (25,845) | (341,953) | (219,510) | (395,199) | (192,109) | (587,308) |
| Fire Alarm and extinguisher | - | - | (10,900) | (753) | (9,444) | (2,209) | (11,653) |
| Fire Sprinkler | - | - | (63,401) | - | - | (63,401) | (63,401) |
| Flooring - Tile | - | - | (24,544) | - | (2,676) | (21,868) | (24,544) |
| HVAC & Sheet Metal/ Trash Chutes | - | - | - | (6,450) | (4,750) | (1,700) | (6,450) |
| Light Weight Concrete | - | - | (1,319) | (1,486) | - | (2,805) | (2,805) |
| Painting | - | - | (56,309) | (18,000) | (18,000) | (56,309) | (74,309) |
| Scaffolding | - | (47,492) | (74,428) | (12,656) | (130,101) | (4,475) | (134,576) |
| Stair & Railings - Iron | - | - | (27,533) | (397,948) | - | (425,481) | (425,481) |
| Trash Chutes & Waste Management | - | - | (3,011) | (1,164) | (442) | (3,733) | (4,175) |
| SUB-TOTAL DIRECT CONSTRUCTION COS | - | (73,337) | (1,120,196) | (932,773) | (648,867) | (1,477,439) | (2,126,306) |
| **SOFT COSTS** | | | | | | | |
| Project Management | - | (408,400) | (639,397) | (176,628) | (677,753) | (546,671) | (1,224,424) |
| Electrical Project Management | - | - | (3,195) | (1,200) | (2,595) | (1,800) | (4,395) |
| Real Estate Investment Management | - | - | (4,000) | - | - | (4,000) | (4,000) |
| Architectural and Design Fee | - | (18,208) | (85,469) | (42,520) | (59,195) | (87,002) | (146,196) |
| Sales and Marketing | - | (24,994) | (1,043) | - | (10,929) | (15,108) | (26,037) |
| Insurance | - | (171,340) | (3,569,959) | - | (2,204,524) | (1,536,775) | (3,741,299) |
| Property Taxes | - | (319,286) | - | - | (86,031) | (233,256) | (319,286) |
| Environmental Studies & Assessments | - | - | (18,340) | - | (1,405) | (16,935) | (18,340) |
| Abatement & Mold Remediation | - | - | (807,565) | - | (761,855) | (45,710) | (807,565) |
| Permit/ Inspection/ Legal Fees | - | (15,781) | (51,487) | (9,280) | (49,280) | (27,268) | (76,548) |
| Certificate of Occupancy | - | (87,121) | (109,848) | - | (113,636) | (83,333) | (196,970) |
| Security | - | (131,040) | (132,480) | - | (131,760) | (131,760) | (263,520) |
| Receiver Fees and Expenses | - | (543) | (567) | - | (539) | (572) | (1,110) |
| SUB-TOTAL SOFT COSTS | - | (1,176,712) | (5,423,351) | (229,628) | (4,099,502) | (2,730,189) | (6,829,691) |
| Bike Racks | - | - | - | (5,236) | - | (5,236) | (5,236) |
| Common Area Furniture & Fixture | - | - | (8,287) | (10,461) | (8,287) | (10,461) | (18,748) |
| Common Area Equipment | - | - | (11,038) | (3,847) | - | (14,885) | (14,885) |
| Pool | - | - | (42,254) | - | (42,254) | - | (42,254) |
| Walk & Steps | - | - | - | (164) | - | (164) | (164) |
| SUB-TOTAL COMMON AREA COST | - | - | (61,579) | (19,708) | (50,541) | (30,746) | (81,286) |
| TOTAL WIP COSTS | - | (1,447,114) | (7,013,038) | (1,298,991) | (5,257,784) | (4,513,198) | (9,770,982) |
| **Ending Cash Balance** | - | 4,935,462 | 3,513,535 | 4,991,096 | 2,511,710 | 2,479,386 | 4,991,096 |

**Exhibit B**

EXHIBIT "C"

**STANDARDIZED FUND ACCOUNTING REPORT for SiliconSage - Consolidated**

Receivership; Civil Court Docket No. #########
Reporting Period 07/01/2021 to 09/30/2021

| FUND ACCOUNTING (See instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (as of 07/01/2021) | | 5,377,922.15 | |
| | Increases in Fund Balance: | | | |
| Line 2 | Initial Capital | | | |
| Line 3 | Business Refunds | | 16,669.24 | |
| Line 4 | Rental Income | | 46,675.93 | |
| Line 5 | Business Asset Liquidation | | 177,097.20 | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Third-Party Litigation Income | | | |
| Line 8 | Miscellaneous – Other | | 5,597,950.36 | |
| | Total Funds Available (Lines 1 – 8): | | | 11,216,314.88 |
| | Decreases in Fund Balance: | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for Receivership Operations | | | |
| Line 10a | Business Asset and Operating Expenses | | 7,133,397.79 | |
| | Total Disbursements for Receivership Operations | | | 7,133,397.79 |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 12 | Disbursements to Court/Other: | | | |
| | Total Funds Disbursed (Lines 9 – 11): | | | 7,133,397.79 |
| Line 13 | Ending Balance (as of 09/30/2021): | | | 4,082,917.09 |
| Line 14 | Ending Balance of Fund – Net Assets: | | | |
| Line 14a | Cash & Cash Equivalents | | | |
| Line 14b | Investments | | | |
| Line 14c | Other Assets or Uncleaned Funds | | | |
| | Total Ending Balance of Funds – Net Assets | | | 0.00 |
| | | | | 4,082,917.09 |

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | Report of Items NOT To Be Paid by the Fund: | | | |
| Line 15 | Disbursements for Plan Administration Expenses Not Paid by the Fund: | | | |
| Line 17 | DC & State Tax Payments | | | |
| Line 18 | No. of Claims: | | | |
| Line 19 | No. of Claims/Investors: | | | |

EXHIBIT "D"

**Almaden**
**Use of Funds (Test Basis)**

| | Source | Date | Contribution | Use | Notes re: Use of Contribution |
|---|---|---|---|---|---|
| *1* | Trigate Property Partners (Preferred Equity Partner) | 10/28/2020 | 431,962 | (246,000) | Almaden LLC---> SSC---> Three Alarm Fire Protection for the Osgood sprinkler system, ($39,514.85), and Pace Supply Corp, ($206,872.10), for Osgood related invoices. |
| *2* | Trigate Property Partners (Preferred Equity Partner) | 9/14/2020 | 421,444 | (40,500) | Almaden LLC---> SS Mortgage---> Superior Loan Servicing, ($32,095.44), lender for Monroe property. |
| *3* | Acres Capital (Primary Secured Lender) | 4/1/2020 | 680,891 | (455,000) | Almaden LLC---> SSC---> SSBF---> SSB---> Sanjeev Acharya personal account. |
| *4* | Amar Gupta (via SiliconSage Investments 2) | 4/30/2015 | 250,000 | (85,245) | SSI 2---> SCREL 2---> Almaden LLC---> ECR---> SSBF---> Saratoga---> SSB---> City of Santa Clara (Saratoga Development fee) |

**Osgood**
**Use of Funds (Test Basis)**

| | Source | Date | Contribution | Use | Notes re: Use of Contribution |
|---|---|---|---|---|---|
| 1 | Trigate Property Partners (Preferred Equity Partner) | 10/9/2020 | 200,000 | (47,812) | Osgood LLC---> SSB---> B St Hayward---> City of Hayward park dedication. |
| 2a | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (18,264) | Osgood LLC---> SSC---> Bell Electric for work performed on the Balbach and Mathilda projects. |
| 2b | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (20,000) | Osgood LLC---> SSC---> The Welding Madelid for work performed on the Franklin project. |
| 2c | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (96,957) | Osgood LLC---> SSC---> Bay Area High Reach for work performed on the Balbach, Franklin, and Monroe projects. |
| 2d | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (108,612) | Osgood LLC---> SSC---> Sunbelt Rentals for equipment provided to the Franklin, Balbach, and Almaden projects. Approximately $10,000 of this payment was for Osgood invoices. |
| 2e | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (88,011) | Osgood LLC---> SSC---> HD Supply for construction materials for the Almaden, Franklin, Balbach, and Mathilda projects. Approximately $46,000 of this payments was for Osgood invoices. |
| 2f | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (126,676) | Osgood LLC---> SSC---> Graybar Electric for work performed on the Balbach project. |
| 2g | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (50,000) | Osgood LLC---> SSC---> Blackwell Engineering for work performed on the Balbach project. |
| 2h | Acres Capital (Primary Secured Lender) | 11/20/2018 | 1,370,779 | (36,038) | Osgood LLC---> SSC---> Tri-County Insulation for work performed on the Balbach and Franklin projects. |
| 3 | Starbright Trust dtd 1/30/1997 - Amar Gupta (Investor via SSI 4) | 1/6/2015 | 500,000 | (406,729) | SSI 4---> Osgood LLC---> SSBF---> 2585 El Camino Real LLC ---> SSB---> City of Santa Clara development fee for 2585 El Camino Real. |

**Balbach**
**Use of Funds (Test Basis)**

| | Source | Date | Contribution | Use | Notes re: Use of Contribution |
|---|---|---|---|---|---|
| *1* | Sajjan Agarwal (Equity Investor via SiliconSage Investments 3) | 8/26/2014 | 1,000,000 | (940,000) | SSI3---> SCREL3---> Balbach---> SSB---> El Camino Real ---> Escrow on 9/10/14 for El Camino Real's construction loan, which paid off $3M of preexisting debt. |
| *2a* | Prime Finance (Construction Lender) - A | 9/18/2018 | 646,731 | (360,000) | Balbach---> Bridge Fund---> SSC---> SSC Payroll on 9/19/18 & Payroll Taxes on 9/20/18 |
| *2b* | Prime Finance (Construction Lender) - B | 9/18/2018 | 646,731 | (100,000) | Balbach---> Bridge Fund---> SSB---> Settlement payment to Brannon Corp on 9/20/18 |
| *3* | Amar Gupta (Promissory Note Holder) | 1/10/2019 | 250,000 | (208,213) | Balbach---> Bridge Fund---> SSB---> Starstone National on 1/11/19, which paid SSC's Workers Comp Insurance |

## PROOF OF SERVICE

**STATE OF CALIFORNIA, DISTRICT COURT, NORTHERN DISTRICT**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **12/3/2021**, I served true copies of the following document(s) described as **THIRD QUARTERLY REPORT OF THE RECEIVER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to United States District Court, Northern District of California, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **12/3/2021**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).**  I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of  Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE).** I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( )  STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2021, at Costa Mesa, California.


_____
       /s/ *Lynnette Garrett*
Lynnette Garrett

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

**Kyra Elizabeth Andrassy**
kandrassy@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com
**Leslie Aileen Baxter**
lbaxter@blglegal.net
**Tamar M. Braz**
brazt@sec.gov
**Susan Scott Davis**
sdavis@coxcastle.com
**Detail Construction & Waterproofing, Inc.**
sjs@dslaw.net
**David B. Draper**
ddraper@terra-law.com
**Robert Paul Goe**
rgoe@goeforlaw.com,kmurphy@goeforlaw.com
**Mitchell Bruce Greenberg**
mgreenberg@abbeylaw.com,mmeroney@abbeylaw.com
**John Henry Hemann**
jhemann@cooley.com,mnarvaez@cooley.com
**Douglas Dalton Hughmanick**
dhughmanick@terra-law.com
**Monique Jewett-Brewster**
mjb@hopkinscarley.com,eamaro@hopkinscarley.com
**Charles F. Johnisee**
lbaxter@blglegal.net
**Edward Arthur Kraus**
ekraus@svlg.com,keb@svlg.com,edn@svlg.com,amt@svlg.com
**Amy Jane Longo**
longoa@sec.gov,simundacc@sec.gov,irwinma@sec.gov
**Joshua Robert Mandell**
joshua.mandell@akerman.com,masterdocketlit@akerman.com,rob.diwa@akerman.com,evelyn.duarte@akerman.com
**James Alan McDaniel**
jmcdaniel@terralaw.com,dhawes@terralaw.com
**Hal Mark Mersel**
mark.mersel@bclplaw.com,theresa.macaulay@bclplaw.com
**Dennis Francis Murphy**
dennismurphy@jonesday.com
**Walker Samuel Newell**
wnewell@cooley.com,efiling-notice@ecf.pacerpro.com,avera@cooley.com
**Randy Phillip Orlik**
rorlik@coxcastle.com
**Brian Andrew Paino**
bpaino@mcglinchey.com,irvineECF@mcglinchey.com
**Parkview Financial REIT LP**
paul@parkviewfinancial.com
**Marie Gisele Quashnock**
marie@aqalegal.com,rosa@aqalegal.com,legalassistant@aqalegal.com
**Meena Sathappan, TTE**
mjb@hopkinscarley.com
**Joshua Louis Scheer**
jscheer@scheerlawgroup.com,jscheer@ecf.courtdrive.com
**Brian G. Selden**
bgselden@jonesday.com,mreyes@jonesday.com
**Michael Raymond Sew Hoy**
sewhoym@sec.gov
**Steven Jude Sibley**
sjs@dslaw.net


**Via U.S. Mail:**
Senior District Judge Susan Illston
United States District Court
Office of the Clerk
450 Golden Gate Ave, 16th Floor
San Francisco, CA 94102

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002