UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, *et al.*,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER DENYING TRIGATE'S MOTION TO AMEND AND DENYING MOTION FOR RELIEF FROM LITIGATION STAY FILED BY SANGEETH PERURI**<br><br>Re: Dkt. Nos. 197, 216 |

On December 6, 2021, the Court held a hearing on (1) the Trigate parties' motion to amend the receivership order as it relates to the Almaden and Osgood projects, (2) Mr. Sangeeth Peruri's motion for relief from the litigation stay, and (3) the Receiver's motion to approve the construction funding agreement with Acres Capital, authorizing employment of special real estate counsel, and authorizing the Receiver to execute residential purchase agreements on behalf of Osgood and Almaden.[1]

In a separate order, the Court has granted the Receiver's motion. For the reasons articulated by the SEC and the Receiver, the Court concludes that the relief sought by the Receiver is reasonable and appropriate under the circumstances. The Acres agreement confers a benefit on the receivership estate, including the payment of the Receiver's fees with respect to the two projects. Acres is the primary secured lender and is the party with the ability to foreclose on the Osgood and Almaden projects. The Court also finds that the Receiver's proposal is preferable to the option presented by

---

[1] At the hearing, the Receiver stated that the authorization to execute residential purchase agreements did not apply to the 16 condominiums that will be the subject of upcoming litigation. As set forth in the order granting the Receiver's motion, the Receiver shall not execute any purchase agreements related to the 16 condominiums pending further court order.

the Trigate parties because Acres supports the Receiver's motion and opposes Trigate's motion, and thus it is not clear what would happen to the Osgood and Almaden projects (and any prospect for potential recovery for the investors) if Trigate's motion is granted.  Further, the Court is concerned that granting Trigate's motion would reduce the potential recovery of the other investors because Trigate's proposal would carve the Osgood and Almaden projects out of the estate and elevate the status of the Trigate parties from an equity position to a secured status.  Accordingly, the Court DENIES the motion filed by the Trigate parties.

The Court takes seriously the concerns raised by Mr. Peruri and the Naboulsis in their objections and in Mr. Peruri's motion for relief from the litigation stay.  The Court finds that it is in the interest of judicial efficiency to resolve the issues regarding the 16 purchase agreements in this action rather than to have separate state court actions litigating these matters.  The Court will ensure that all parties are afforded due process, and will set a schedule for resolving these matters at the December 16 case management conference.  For these reasons and those stated on the record, the Court DENIES Mr. Peruri's motion for relief from the litigation stay.

**IT IS SO ORDERED**.

Dated: December 7, 2021

SUSAN ILLSTON
United States District Judge