**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Sharon Oh-Kubisch, State Bar No. 197573
sokubisch@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>                   Defendants. | Case No. 3:20-cv-09247-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT REGARDING THE PROCEEDING TO INVALIDATE THE PURCHASE AND SALE AGREEMENT WITH SAYANG, LLC, REGARDING UNIT 523 AT OSGOOD**<br><br>**Status Conference**<br>Date:    March 25, 2022<br>Time:    3:00 p.m.<br>Ctrm.:   1 – 17th Floor (Hearing via Zoom)<br>Judge:   Susan Illston |

TO THE HONORABLE SUSAN ILLSTON, SENIOR DISTRICT JUDGE, ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:

   David Stapleton, the permanent receiver (the "Receiver") appointed by the Court pursuant to the *Order on Plaintiff Securities and Exchange Commissions' Motion for Appointment of Receiver* (the "Receivership Order") that was entered on February 10, 2021, submits this Joint Case Management Statement with Venkatachalam Sathappan and Meena Sathappan in their capacities as trustee of the Sathappan Family Living Trust (collectively, the "Sathappans") dated October 19, 2016.  The Sathappans formed Sayang, LLC, for the purpose of entering into the purchase agreement at issue.

## I. BACKGROUND

On December 14, 2021, the Receiver, Sangeeth Peruri, Marwan Hassan Naboulsi, Sayang, LLC, and TriGate Almaden PE Investor and TriGate Osgood PE Investor submitted a *Joint Statement Regarding Litigation Schedule For Any Motions Related to the Receiver's Request to Recharacterize Certain Purchase Agreements* [Docket No. 257]. On December 21, 2021, the Court entered an *Order Setting Litigation Schedule For Any Motions Related to the Receiver's Request to Recharacterize Certain Purchase agreements* [Docket No. 260] ("Scheduling Order").

Although the Court did not order the parties to submit a Case Management Statement in its Scheduling Order, the parties have agreed to submit a Case Management Statement that is similar to that contemplated under Civil Local Rule 16-10 to provide the Court with time estimates and propose deadlines to move the litigation forward.[1]

## II. PROPOSED DEADLINES AND ESTIMATES

### A. ANTICIPATED DISCOVERY AND CURRENT STATUS OF DISCOVERY

Under the Scheduling Order, the Court set May 31, 2022 as the deadline to complete discovery, absent further Court order. Currently, the Receiver is in the process of meeting and conferring with the parties to determine what discovery, if any is needed.

On March 4, 2021, counsel for the Receiver and the Sathappans met and conferred regarding potential discovery to be completed. At this time, the Receiver and the Sathappans do not anticipate propounding discovery because there do not appear to be any factual disputes. The Receiver has agreed to provide certain information to counsel for Sathappan to potentially assist in resolution of this dispute.

---

[1] As noted later herein, the different purchase agreements involve different parties and different factual issues. Accordingly, the Receiver will be filing separate status reports for each agreement at issue.

B. **MOTIONS THAT MAY BE FILED**

The Receiver believes that the dispute concerning the purchase and sale agreement with the Sathappans is a legal dispute and does not involve a dispute over facts. Accordingly, the Receiver believes that the dispute can be resolved through a motion. The Receiver proposes a deadline of June 3, 2022 for the Receiver to file a motion, with deadlines to file an opposition and reply to be set pursuant to the Civil Local Rules.

C. **ALTERNATIVE DISPUTE RESOLUTION**

1. **Receiver's Position**

The Receiver does not believe that Alternative Dispute Resolution ("ADR") would be helpful in this particular matter. The purchase agreement provides that the sale of the unit will not close unless and until the senior debt is paid in full. The Receiver does not believe this is likely to occur, rendering the agreement practically unenforceable. The question is whether the agreement should be left in place until it can be determined with 100% certainty that the condition precedent will not occur or whether the agreement should be determined to be unenforceable at some sooner point in order to free the unit up for sale. Given this discrete issue, the Receiver does not believe mediation is necessary.

2. **The Sathappans' Position**

The Receiver's position is based on a supposition that may prove incorrect, i.e., his estimate that Acres will take a loss on the Osgood project. The Sathappans await the Receiver's provision of information to their counsel that would assist them to further evaluate the Receiver's position. The Sathappans respectfully submit that the Receiver's efforts to invalidate their purchase agreement on the ground that Acres will not be paid in full is not yet ripe. Equity justifies that the Receiver should not be entitled to his requested relief at this stage in the proceedings, especially where the Sathappans are also victims of Sanjeev Archarya's fraud. The Sathappans will further respond once

they have had the opportunity to analyze the Receiver's duly noticed motion.

### III. CONCLUSION

Accordingly, the Receiver and the Sathappans respectfully request that the Court set a deadline of June 2, 2022, for the Receiver to file his motion, with the remainder of the dates to be determined in accordance with the Local Civil Rules.

DATED: March 17, 2022                Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:  /s/ Kyra E. Andrassy
     KYRA E. ANDRASSY
     Attorneys for David Stapleton, Receiver

DATED: March 17, 2022                HOPKINS & CARLEY

By:  /s/ Monique D. Jewett-Brewster
     MONIQUE D. JEWETT-BREWSTER
     Attorneys for Venkatachalam Sathappan and Meena Sathappan, in their capacities as Trustees of The Sathappan Family Living Trust Dated October 19, 2016

2903030.1
4876-8684-3414.1

4   JOINT CASE MANAGEMENT STATEMENT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, DISTRICT COURT, NORTHERN DISTRICT**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

On **3/17 /2022**, I served true copies of the following document(s) described as **JOINT CASE MANAGEMENT STATEMENT REGARDING THE PROCEEDING TO INVALIDATE THE PURCHASE AND SALE AGREEMENT WITH SAYANG, LLC, REGARDING UNIT 523 AT OSGOOD** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**(X) (BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to United States District Court, Northern District of California, the foregoing document will be served by the court via NEF and hyperlinked to the document. On **3/17 /2022**, I checked the CM/ECF docket for this case and determined that the aforementioned person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated.

**(X) (BY U.S. MAIL).** I enclosed the document(s) in a sealed envelope or package and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Smiley Wang-Ekvall, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with USPS in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Costa Mesa, California.

**( ) (BY E-MAIL).** By scanning the document(s) and then e-mailing the resultant pdf to the e-mail address indicated above per agreement. Attached to this declaration is a copy of the e-mail transmission.

**( ) (BY FACSIMILE)**. I caused the above-referenced documents to be transmitted to the noted addressee(s) at the fax number as stated. Attached to this declaration is a "TX Confirmation Report" confirming the status of transmission. Executed on _____, at Costa Mesa, California.

**( ) STATE** I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**(X) FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 17, 2022, at Costa Mesa, California.

                                        /s/ *Lynnette Garrett*
                                        Lynnette Garrett

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# SERVICE LIST

**BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

**Kyra Elizabeth Andrassy**
kandrassy@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

**Leslie Aileen Baxter**
lbaxter@blglegal.net,dbudde@blglegal.net,jodea@blglegal.net

**Tamar M. Braz**
brazt@sec.gov

**Patrick Michael Costello**
pcostello@vectislawgroup.com,clee@vectislawgroup.com

**Susan Scott Davis**
sdavis@coxcastle.com

**Detail Construction & Waterproofing, Inc.**
sjs@dslaw.net

**David B. Draper**
david.draper@ropers.com

**Timothy W Evanston**
tevanston@swelawfirm.com,jchung@swelawfirm.com,lgarrett@swelawfirm.com,gcruz@swelawfirm.com

**Robert Paul Goe**
rgoe@goeforlaw.com,kmurphy@goeforlaw.com

**Mitchell Bruce Greenberg**
mgreenberg@abbeylaw.com,mmeroney@abbeylaw.com

**John Henry Hemann**
jhemann@cooley.com,mnarvaez@cooley.com

**Fred Hjelmeset**
fhtrustee@gmail.com

**Ravi Jagannathan**
btaylor@taylorlawfirmpc.com

**Monique Jewett-Brewster**
mjb@hopkinscarley.com,eamaro@hopkinscarley.com

**Charles F. Johnisee**
lbaxter@blglegal.net

**Gregg Steven Kleiner**
gkleiner@rinconlawllp.com,aworthing@rinconlawllp.com

**Edward Arthur Kraus**
ekraus@svlg.com,keb@svlg.com,edn@svlg.com,amt@svlg.com

**Amy Jane Longo**
longoa@sec.gov,simundacc@sec.gov,irwinma@sec.gov

**Joshua Robert Mandell**
joshua.mandell@akerman.com,masterdocketlit@akerman.com,alexandra.byerly@akerman.com,rob.diwa@akerman.com,evelyn.duarte@akerman.com

**Hal Mark Mersel**
mark.mersel@bclplaw.com,theresa.macaulay@bclplaw.com

**Dennis Francis Murphy**
dennismurphy@jonesday.com

**Walker Samuel Newell**
wnewell@cooley.com,efiling-notice@ecf.pacerpro.com,avera@cooley.com

**Randy Phillip Orlik**
rorlik@coxcastle.com

**Brian Andrew Paino**
bpaino@mcglinchey.com,irvineECF@mcglinchey.com

**Parkview Financial REIT LP**
paul@parkviewfinancial.com

**Marie Gisele Quashnock**
marie@aqalegal.com,legaladmin@aqalegal.com

**Meena Sathappan, TTE**
mjb@hopkinscarley.com

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**Joshua Louis Scheer**
jscheer@scheerlawgroup.com,jscheer@ecf.courtdrive.com
**Brian G. Selden**
bgselden@jonesday.com,mreyes@jonesday.com
**Michael Raymond Sew Hoy**
sewhoym@sec.gov
**Steven Jude Sibley**
sjs@dslaw.net
**Benjamin Samuel Taylor**
btaylor@taylorlawfirmpc.com