UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, *et al.*,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL FROM COURT'S JULY 7, 2022 ORDER**<br><br>Re: Dkt. No. 386 |

Marwan and Rana Naboulsi have filed a motion for leave to file an interlocutory appeal from the Court's July 7, 2022 order granting the Receiver's motion to reject certain executory purchase and sale agreements. Ravi Jagannathan has joined in the motion. Dkt. No. 399.[1] The Receiver opposes the motion, and Acres Loan Origination, LLC has joined in the Receiver's opposition. The matter was scheduled for a hearing on August 26, 2022, and the Court vacated the hearing and took the matter under submission.

The Court notes that although the Receiver opposes the motion, the Receiver also states that "an order rejecting a contract is likely not an interlocutory appeal requiring leave of this Court to appeal." Dkt. No. 392 at 1 (citing *In re Taylor (Delightful Music Ltd. v. Taylor)*, 913 F.2d 102, 104 (3d Cir. 1990)). In *Taylor*, the Third Circuit held that a bankruptcy court's order approving the rejection of executory personal services contracts pursuant to 11 U.S.C. § 365 was "final and appealable" for purposes of 28 U.S.C. § 1291 because "[t]he order approving rejection of appellant's contracts fully and finally resolved a discrete set of issues, leaving no related issues for later determination." *In re Taylor*, 913 F.2d at 104.

---

[1] Anantha Srirama filed a notice of appeal of the July 7, 2022 order. Dkt. No. 402.

1    The Court has been unable to locate any authority within the Ninth Circuit regarding whether an order rejecting executory contracts in a receivership is a final and appealable order. In the absence of any contrary authority, the Court finds *In re Taylor* persuasive. When the Court granted the Receiver's motion to reject certain executory contracts, the Court looked to 11 U.S.C. § 365 and cases interpreting that Bankruptcy Code provision for guidance. The July 7, 2022 order fully and finally resolved the legal question of whether the purchasers would be able to proceed with their agreements to purchase condominiums, or whether those agreements would be rejected. In the Court's view, the fact that the purchasers may pursue liens against the property does not change the analysis regarding finality and appealability because in *Taylor*, the appellant whose contract was rejected was similarly left with the remedy of filing a "claim against the debtor's estate for whatever damages the rejection/breach has occasioned." *Id*. at 107.

In an abundance of caution, if the Ninth Circuit determines that the July 7, 2022 order is a non-appealable interlocutory order, the Court alternatively GRANTS the motion for certification of the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED**.

Dated: August 26, 2022

SUSAN ILLSTON
United States District Judge