UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC, *et al.*,<br><br>Defendants. | Case No. 20-cv-09247-SI<br><br>**ORDER DENYING MOTION BY MARWAN AND RANA NABOULSI FOR LIMITED STAY OF JULY 7, 2022 ORDER**<br><br>Re: Dkt. No. 442 |

Marwan and Rana Naboulsi seek a stay of the Court's July 7, 2022 order granting the Receiver's motion to reject certain purchase and sale agreements. The motion is scheduled for a hearing on December 9, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the motion is DENIED.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. (internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Id*. at 433–34. In deciding whether to grant a stay pending appeal, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. The first two factors "are the most critical." *Id*.

The Court concludes that the Naboulsis have not demonstrated that a stay is warranted. The

1  Naboulsis have not made a strong showing that they are likely to succeed on the merits for the
2  reasons articulated by the Receiver in opposition to the current motion.  In issuing the July 7, 2022
3  order, the Court concluded that the Receiver had standing to seek rejection of the contracts, and that
4  the Receiver was exercising his business judgment in determining that rejection of the contracts was
5  in the interest of the receivership as a whole.  To the extent the Naboulsis claim that they have
6  demonstrated likelihood of success on the merits of a claim involving arbitration, the Court also
7  disagrees, as the Naboulsis do not cite any authority for the proposition that the issue of whether a
8  contract should be assumed or rejected is a question that should be submitted to arbitration.

9  The Court also finds that the remaining stay factors weigh in favor of denial.  As the Receiver
10 has argued throughout these proceedings, there is no set of circumstances under which the Naboulsis
11 can purchase the two units at issue because even if the Ninth Circuit reverses the July 7 order, Acres
12 still has the right – and has repeatedly stated its intention – to foreclose under the terms of the
13 Construction Funding Agreement because the Naboulsis' purchase contracts violated the terms of
14 Silicon Sage's loan agreements with Acres.  Issuance of a stay will harm the Receiver's efforts to
15 maximize a return for the receivership estate, and it is in the public interest that the receivership
16 estate be resolved as efficiently and quickly as possible.

**IT IS SO ORDERED**.

Dated: December 6, 2022

SUSAN ILLSTON
United States District Judge