**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, SBN 207959
kandrassy@raineslaw.com
Michael L. Simon, SBN 300822
msimon@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Counsel for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>Defendants. | Case No.:  3:20-cv-09247-CRB<br><br>Assigned to:  Hon. Charles R. Breyer<br><br>**APPLICATION OF RATZLAFF TAMBERI & WONG ACCOUNTANCY CORPORATION, TAX ACCOUNTANT FOR THE RECEIVER, FOR THE PERIOD FROM JANUARY 1, 2025, THROUGH SEPTEMBER 30, 2025; DECLARATION OF CHRIS RATZLAFF IN SUPPORT THEREOF**: ORDER<br><br>Date:      January 16, 2026<br>Time:     10:00 a.m.<br>Ctrm:     6-17th Floor (Hearing by Zoom) |

**TO THE HONORABLE CHARLES R. BREYER, UNITED STATES DISTRICT JUDGE, THE SECURITIES & EXCHANGE COMMISSION, THE DEFENDANT AND HIS COUNSEL, AND INVESTORS AND CREDITORS OF THE RECEIVERSHIP ENTITIES:**

Ratzlaff Tamberi & Wong Accountancy Corporation (the "Firm"), tax accountants for David Stapleton, the Receiver (the "Receiver"), submits its fee application for the period from January 1, 2025, through September 30, 2025 (the "Application Period"), as required by the *Order on Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver* (the "Receivership Order").  Through this Application, the Firm seeks interim allowance of $7,364.50

in fees incurred in connection with the preparation of tax returns for certain of the entities under receivership.  The Firm seeks authorization for the Receiver to use funds on hand to pay 80% of these fees, or $5,891.60, on an interim basis.

The Firm is informed that the SEC has no objection to the allowance or payment of the fees and costs requested.

## I.      INTRODUCTION

This receivership involves SiliconSage Builders, LLC, and approximately sixty subsidiaries and affiliates and eleven different real estate projects that were various stages of completion when the Receiver was appointed.  The Firm was retained in 2022 to prepare tax returns for certain of the entities under receivership.  During the Application Period, it prepared returns for four of the entities for the year-ended December 31, 2024.  The Firm incurred $7,364.50 in fees in connection with tax return preparation during the Application Period and seeks allowance of these fees on an interim basis and authorization for the Receiver to pay 80% of the allowed fees at this time.

## II.      SERVICES RENDERED DURING THE APPLICATION PERIOD

During the Application Period, the Firm incurred $7,364.50 in fees in connection with the preparation of federal and state returns for four of the entities that had activity in 2024.  The services performed by the Firm during the Application Period are described in the Firm's invoice, which is attached hereto as Exhibit "1."

## III.      THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE REQUESTED INTERIM FEES AND EXPENSES.

Decisions regarding the timing and amount of an award of fees and expenses to the Receiver and his professionals are committed to the sound discretion of the Court.  *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).  In determining the reasonableness of fees and expenses requested in this context, the

Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the Estate, along with the Commission's position on the request, which is entitled to "great weight."  *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

Where, as here, the fees requested are reasonable and "where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate[,]" an interim award of fees is appropriate.  *Consumer Fin. Prot. Bureau v. Pension Funding, LLC,* 2016 U.S. Dist. LEXIS 187607, at *4 (C.D. Cal. July 7, 2016).  Interim allowances are necessary "to relieve counsel and others from the burden of financing lengthy and complex [] proceedings."  *In re Rose Way, Inc.*, 1990 Bankr. LEXIS 3028, at *9 (Bankr. S.D. Iowa Mar. 1, 1990) (citing *In re Mansfield Tire & Rubber Co.*, 19 B.R. 125 (Bankr. N.D. Ohio 1981)).

Here, the Firm is assisting the Receiver with complying with his obligation to file tax returns for certain of the entities.  The Firm prepared and filed tax returns for four entities during the Application Period.  The billing statements of the Firm have been submitted to the SEC for review prior to the filing of this Application, without objection.

## IV.    CONCLUSION

The Firm therefore respectfully requests that this Court enter an Order:

1.    Allowing on an interim basis the Firm's fees for the Application Period totaling $7,364.50;

2.    Authorizing the Receiver to pay 80% of the fees, or $5,891.60, from funds on hand; and

3.    For such other and further relief the Court deems just and appropriate.

DATED:  November 21, 2025

Respectfully submitted,

RAINES FELDMAN LITTRELL LLP

By: _____/s/ Kyra E. Andrassy_____

KYRA E. ANDRASSY

Counsel for David Stapleton, Receiver

Date: January 22, 2026



IT IS SO ORDERED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Case No. 3:20-cv-09247-CRB
FEE APPLICATION