**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, SBN 207959
kandrassy@raineslaw.com
Michael L. Simon, SBN 300822
msimon@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Counsel for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,<br><br>                    Defendants. | Case No.:   3:20-cv-09247-CRB<br><br>Assigned to:  Hon. Charles R. Breyer<br><br>**APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND COSTS INCURRED BY COUNSEL FOR THE RECEIVER FOR THE PERIOD FROM JANUARY 1, 2025, THROUGH SEPTEMBER 30, 2025; DECLARATION OF KYRA E. ANDRASSY IN SUPPORT THEREOF**<br> ORDER<br>Date:          January 16, 2026<br>Time:          10:00 a.m.<br>Ctrm:          6-17th Floor (Hearing by Zoom) |

**TO THE HONORABLE CHARLES R. BREYER, UNITED STATES DISTRICT**

**JUDGE, THE SECURITIES AND EXCHANGE COMMISSION, AND OTHER**

**PARTIES IN INTEREST:**

Raines Feldman Littrell LLP (the "Firm"), counsel for David Stapleton, the Receiver (the "Receiver"), submits its fee application for the period from January 1, 2025, through September 30, 2025 (the "Application Period"), as required by the *Order on Plaintiff Securities and Exchange Commission's Motion for Appointment of Receiver* (the "Receivership Order").  Through this Application, the Firm seeks interim allowance of $17,661.00 in fees.

1

Of the $17,661.00 in fees, $5,912.40 were related to disputes with subcontractors at the condominium projects and pursuant to a Court-approved agreement with Acres Loan Origination ("Acres"), the construction lender, are to be paid by Acres.  With respect to the balance of $11,748.60, the Firm seeks allowance of that amount and authorization for the Receiver to use funds on hand to pay 80% of these fees, or $9,398.88, on an interim basis.

The Firm is informed that the SEC has no objection to the interim allowance or payment of the fees and costs requested.

I.    **INTRODUCTION**

This receivership involves SiliconSage Builders, LLC, and approximately sixty subsidiaries and affiliates and eleven different real estate projects that were in various stages of completion when the Receiver was appointed.  As of the filing of this Application, the units at Osgood have all been sold and sales at the Almaden project are underway.  During the Application Period, the Firm worked to resolve issues regarding a handful of the larger claims of creditors, communicated with special litigation counsel to provide documents and background information necessary for the prosecution of the litigation against Chase Bank, addressed issues with subcontractors at Osgood and Almaden, prepared the status report for the last quarter of 2024, and provided updates to investors and creditors.

During this period, the Firm incurred fees of $17,661.00, $11,748.60 of which are the responsibility of the receivership estate.  Of the $17,661.00, $5,912.40 was incurred in connection with addressing issues related to contractor disputes that inure to the benefit of Acres and the Court has approved a stipulation with Acres under which it is liable for those fees.  With respect to the $11,748.60 balance, the Firm seeks allowance of the fees incurred and authorization for the Receiver to pay 80%, or $9,398.88.

2

FEE APPLICATION

## II. SUMMARY BY CATEGORY OF FEES INCURRED

The breakdown by category of the fees incurred during this period is as follows:

| Category | Hours | Amount |
|---|---|---|
| Case Administration | 3.2 | $1,756.80 |
| Claims Administration | 6.8 | $3,733.20 |
| Litigation | 6.6 | $5,490.00 |
| Fee Applications | 1.4 | $0.00 |
| Almaden | 1.4 | $768.60 |
| Contractor Disputes | 10.8 | $5,912.40 |
| **Total** | | $17,661.00 |

## III. SERVICES RENDERED DURING THE APPLICATION PERIOD

During the Application Period, the fees incurred by the Firm totaled $17,661.00. The services performed by the Firm during the Application Period are described below, and in more detail in the Firm's invoice, which is attached hereto as Exhibit "1."

### A. Case Administration (Code D04)

[3.2 Hours; Total Fees $1,756.80]

The Firm incurred fees in this category communicating with the Receiver regarding the general status of the case and an issue with title on a truck sold in a prior application period, preparing the status report for the last quarter of 2024, and communicating with investors and creditors regarding the status of the case.

### B. Clams Administration (Code D05)

[6.8 Hours; Total Fees $3,733.20]

During the Application Period, the Firm analyzed documents regarding the calculation of Acres' deficiency claim on Osgood and its estimated deficiency on Almaden and communicated with both the Receiver and Acres regarding that claim. That issue is close to being resolved with substantial reductions in the face amount of those claims. The Firm also

3

FEE APPLICATION

incurred time identifying the remaining buyers of the condominium units who elected to cancel their purchases but did not receive their full deposits back so that they could be given notice of the deadline to file their claims. The Firm also communicated with a couple of the larger creditors to obtain documentation to support their claims.

**C.      Litigation (Code D10)**

[10.0 Hours; Total fees $5,490.00]

Because the Receiver retained special litigation counsel to pursue the receivership estate's claims against Chase Bank, the Firm incurred some time sharing information and documents with that firm so that it has the documents and information needed to analyze those claims and to respond to discovery.

**D.      Fee Application (Code D13)**

[1.4 Hours; Total fees $0.00]

The Firm prepared the fee applications for the fourth quarter of 2024. As required by the SEC Billing Guidelines, the Firm has not charged the estate for this time.

**E.      Almaden (Code F03)**

[1.4 Hours; Total Fees $768.60]

During this Application Period, the Firm prepared an amendment to the listing agreement for the broker responsible for selling units at Almaden and resolved a dispute with an Almaden buyer relating to when she obtained occupancy of her unit.

**F.      Contractor Disputes (Code F04)**

[10.8 Hours; Total Fees $5,912.40]

The Firm continued to incur time addressing disputes with a couple of subcontractors whose deficient work on the Osgood and/or Almaden projects caused the Receiver to incur additional costs in correcting that work. The Firm was involved because of the potential for the subcontractors to file mechanic's liens against the projects, which would cause issues with the title company. Pursuant to a stipulation with Acres Loan Origination, the lender funding the construction costs, these fees are to be paid by Acres because they will ultimately benefit Acres.

IV.    **THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE REQUESTED INTERIM FEES**

Decisions regarding the timing and amount of an award of fees and expenses to the Receiver and his professionals are committed to the sound discretion of the Court.  *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)).  In determining the reasonableness of fees and expenses requested in this context, the Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the Estate, along with the Commission's position on the request, which is entitled to "great weight."  *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

Where, as here, the fees requested are reasonable and "where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate[,]" an interim award of fees is appropriate.  *Consumer Fin. Prot. Bureau v. Pension Funding, LLC,* 2016 U.S. Dist. LEXIS 187607, at *4 (C.D. Cal. July 7, 2016).  Interim allowances are necessary "to relieve counsel and others from the burden of financing lengthy and complex [] proceedings."  *In re Rose Way, Inc.*, 1990 Bankr. LEXIS 3028, at *9 (Bankr. S.D. Iowa Mar. 1, 1990) (citing *In re Mansfield Tire & Rubber Co.*, 19 B.R. 125 (Bankr. N.D. Ohio 1981)).

Here, the Firm is assisting the Receiver with a variety of complex legal issues, the resolution of which will impact the outcome of this case.  During this Application Period, the Firm continued to work with special litigation counsel to ensure that they have all of the documents and information needed to successfully prosecute their claims, prepared status reports, worked towards resolving a handful of larger creditor claims where there were outstanding issues, communicated with creditors and other constituents, and helped to address issues with subcontractors.  The Firm's billing rates are comparable to those charged in the community on similarly complex receivership matters and reflect a 10% reduction in the Firm's standard fees for non-receivership work, with the billing rate frozen at the 2021 level.

Further, the billing statements of the Firm have been submitted to the SEC for review prior to the filing of this Application, without objection.

V.    **CONCLUSION**

The Firm therefore respectfully requests that this Court enter an Order:

1.    Allowing, on an interim basis, the Firm's fees for the Application Period totaling $17,661.00;

2.    Providing that $5,912.40 of these fees are the responsibility of Acres pursuant to the *Order Approving Stipulation Between David Stapleton, Receiver, and Acres Loan Origination, LLC, to Amend Construction Funding Agreement to Facilitate Resolution of Disputes with Contractors*;

3.    With respect to the $11,748.60 balance of the fees, authorizing the Receiver to pay 80%, or $9,398.88; and

4.    For such other and further relief the Court deems just and appropriate.

Respectfully submitted,

Dated:  November 21, 2025    RAINES FELDMAN LITTRELL LLP

By: __/s/ Kyra E. Andrassy__
Kyra E. Andrassy
Counsel for David Stapleton, Receiver

Date: January 22, 2026

IT IS SO ORDERED
Judge Charles R. Breyer
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

FEE APPLICATION