**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, SBN 207959
kandrassy@raineslaw.com
Michael L. Simon, SBN 300822
msimon@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Counsel for David Stapleton, Receiver

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

SILICONSAGE BUILDERS, LLC aka SILICON SAGE BUILDERS and SANJEEV ACHARYA,

                Defendants.

Case No.:  3:20-cv-09247-CRB

Assigned to:  Hon. Charles R. Breyer

**SEVENTEETH APPLICATION FOR FEES OF THE RECEIVER FOR THE FIRST, SECOND, AND THIRD QUARTERS OF 2025; DECLARATION OF DAVID STAPLETON IN SUPPORT THEREOF**: ORDER

Date:      January 16, 2026
Time:     10:00 a.m.
Ctrm:    1-17th Floor (Hearing by Zoom)

**TO THE HONORABLE CHARLES R. BREYER, UNITED STATES DISTRICT JUDGE, THE SECURITIES & EXCHANGE COMMISSION, THE DEFENDANT AND HIS COUNSEL, AND INVESTORS AND CREDITORS OF THE RECEIVERSHIP ENTITIES:**

    David P. Stapleton, the permanent receiver (the "Receiver") appointed by the Court pursuant to the *Order on Plaintiff Securities and Exchange Commission's Motion for Appoint of Receiver* (the "Receivership Order") that was entered on February 10, 2021, hereby submits his Seventeeth Interim Application for Payment of Fees and Reimbursement of Expenses (the

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

"Application") as required by the Receivership Order.  This Application covers the period from January 1, 2025, through September 30, 2025 (the "Application Period").

By this Application, the Receiver requests that the Court approve his fees and expenses in the amounts of $384,668.87 and $984.12, respectively.  Of the $384,668.87 in fees, $302,837.37 of this amount is attributable to the day-to-day management of two ongoing construction projects and pursuant to a Construction Funding Agreement approved by the Court in December 2021, and is the financial responsibility of Acres Loan Origination, although they must first be allowed by the Court. The balance of the fees totals $81,831.50, and with respect to those fees, the Receiver requests that the Court authorize payment, on an interim basis, of 80% of these fees, or $65,465.20, and 100% of his expenses, or $984.12, from available funds.

The Receiver is informed that the SEC has no objection to the relief sought in this Application.

I.    **GENERAL SUMMARY**

During the Application Period, the Receiver incurred fees in the amount of $384,668.87 and expenses in the amount of $984.12.  As detailed herein, the Receiver and his staff spent approximately 1,206 hours working on behalf of the Receivership Entities, at an average hourly billing rate of $318.96. The vast majority of these fees and time – 931.80 hours for a total of $302,837.37 in fees[1] – is attributable to the Almaden and Osgood projects, for which the Receiver has taken over as owner's representative and led the primary construction management responsibilities. The Receiver's tasks related to the Almaden and Osgood projects are discussed in further detail below and, subject to the approval of the fees by the Court, the lender for these two projects is funding the payment of these fees as part of the consideration for the Construction Funding Agreement that the Court approved in December

---

[1] Almaden total hours were 906.60 and total fees were $297,038.87; Osgood total hours were 25.2 and total fees were $5,798.50.

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

2021, as amended. The $81,831.50 balance of the fees is a liability of the receivership estate once allowed.

Accordingly, the Receiver is requesting an allowance of total fees of $384,668.87 and his costs of $984.12. He requests authorization to pay 80% of $81,831.50, or $65,465.20, and $984.12 in costs from funds on hand. The Receiver will seek payment of the remaining 20% balance at a later date. The $302,837.37 balance of the fees will be paid by Acres Loan Origination pursuant to the terms of the Construction Funding Agreement, as amended. The Receiver's fees and average hourly billing rate represent significant savings to the Receivership Estate due in substantial part to the discount the Receiver has applied to all time on this matter and the efficient utilization of his team's expertise and experience in forensic accounting, complex real estate development and operational issues and asset disposition efforts.

## II.    OVERVIEW OF THE RECEIVERSHIP CASE

Through September 30, 2025, and not including the Almaden or Osgood projects, the Receiver has closed escrow on twelve different properties that have generated more than $14.0 million for the Receivership Estate.  The Receiver analyzed the books and records of the Receivership Entities and determined that the various entities in receivership operated as a unitary enterprise such that assets and liabilities should be pooled, and the Court granted that motion.  The Receiver obtained approval of the claims procedures and is in the process of reviewing the claims that were submitted. The Receiver also continued with the construction of the two ongoing condominium projects.  One is complete and now sold out and the other is nearly complete and sales of the units have begun.

A summary of the Receiver's time by category and the Receiver's invoices are attached as Exhibit 1. The Standardized Fund and Accounting Report required by the SEC is attached as Exhibit 2.

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

III.    **SERVICES RENDERED DURING THE APPLICATION PERIOD**

During the Application Period, the fees and expenses incurred by the Receiver totaled $384,668.87 and $984.12, respectively. The services performed by the Receiver during the Application Period are described below, and in more detail in the Receiver's invoices, which are attached hereto as Exhibit 1.   The first half of the invoices are for the matters not related to Almaden and Osgood and the second half of the invoices are for Almaden and Osgood.

A.    **Accounting and Financial Matters**

[89.1 Hours; Total Fees 22,126.00]

During the Application Period, the Receiver deposited receipts, processed disbursements and recorded all activity for the Receivership Estate. The Receiver's accounting team has continued to work with the operations team and third parties to understand income and receipts and track the accounting activity for the Receivership Estate.

B.    **Asset Disposition and Recovery**

[1.9 Hours; Total Fees $560.50]

During the Application Period, the Receiver and his team continued marketing and sale efforts for the last two properties other than Almaden and Osgood (efforts related to which are described separately in this Application). The Receiver managed marketing strategies and attended to issues related to properties previously abandoned or administered.

C.    **General Administrative Matters**

[20.9 Hours; Total Fees $4,510.00]

The Receiver's staff recorded general administrative tasks relevant to other categories of work in this category. During the Application Period, they reviewed notices received in the mail, answered inquiries from miscellaneous vendors regarding issues involving the Receivership Entities, processed paperwork, located files on the former Silicon Sage server, processed court filings and posted updates to the receivership website.

D.    **Case Management**

[23.2 Hours; Total Fees $9,304.00]

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

During the Application Period, the Receiver and his staff attended to a wide array of general items associated with managing the Receivership Estate.  During the Application Period, the Receiver and his team reviewed and approved the status of the remaining open items related to this case, reviewed and approved filings, reviewed and approved general cash flow and payables, worked to resolve IT issues, and communicated with vendors and lienholders to resolve inquiries from these parties related to pending contracts and leased equipment.

**E.      Claims**

[44.8 Hours; Total Fees $14,104.50]

During the Application Period, the Receiver continued to receive inquiries from investors regarding the Court-approved claims process and discussed responses to pre-receivership vendors regarding requests for payments and introduced them to general timeline and procedure of the claims process. The Receiver has reviewed the entirety of over 680 claims totaling more than $377 million and is working through follow-up discussions with certain creditors regarding the admissibility of their respective claims.

**F.      Communication with Investors**

[1.9 Hours; Total Fees $475.00]

During the Application Period, the Receiver responded to several inquiries from investors who requested general information regarding the nature and status of the receivership, including the claims submissions process, the status of sale and construction of the Properties, updates related to pending sales, updates related to court filings, the status of forensic accounting efforts to determine how net proceeds from the property sales will be distributed and the timeline for a resolution and distribution to investors, among other issues.

**G.      Reporting**

[25.1 Hours; Total Fees $7,685.00]

During the Application Period, the Receiver and his staff devoted attention to the preparation and review of the Receiver's *Seventeenth Quarterly Report*, as well as all attendant supporting documents.

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

**H.**    **Forensic Strategy & Analysis**

[66 Hours; Total Fees $22,579.00]

During the Application Period, the Receiver and his staff conducted a cash tracing forensic analysis to support claims being pursued against parties who may have aided and abetted the Defendants. The Receiver's forensic team has continued to expand this analysis, which spans across several years, entities, and bank accounts.

**I.**    **Almaden**

[906.6 Hours; Total Fees $297,038.87]

As mentioned in previous reports, all units have been completed and signed off by the city of San Jose. The Receiver's agents continue to maintain the property as board members of the HOA. The building and HOA will be turned over to the homeowners once a sufficient number of units have been sold. Work continues to finish completion of the amenity offerings on the project in satisfaction of the Parkland agreement between the City and the project. The Receiver oversaw installation of sonar water meters in all the units per the requirement by the Weights and Measurements Department of San Jose.  New homeowner punch walks with contracted buyers are coordinated to make the necessary repairs to close sales on the units.

The Receiver continues to support the sales effort of the units and has coordinated signage for marketing purposes and maintenance of the sales website.  As of September 30, 2025, 13 units at Almaden are under contract and 45 units have closed. The Receiver continues to investigate how to create additional buyer interest for the project in the market. Acres has received $16,467,281.45 in proceeds from the sale of the units at Almaden.

Pursuant to the Construction Funding Agreement approved by the Court in December, fees that the Receiver incurs in connection with the day-to-day management of this project are to be paid by Acres Loan Origination and must first be allowed by the Court.  Although the Construction Funding Agreement contained a cap of $1.8 million that was exceeded in the prior application, Acres has agreed to continue to fund the Receiver's fees in connection with the construction pursuant to an agreement being documented between them.  Under that agreement, the Receiver agrees to a reduction in the total amount to be paid over time by

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

$100,000, which will be a write-off and not sought from the estate.  Since this time, the Receiver has presented a new fee cap based on the extended completion date of its services. The increase in the cap does not affect the estate because these payments are not added to the Acres indebtedness but are instead an additional cost that it is incurring.

J.    Osgood

[25.2 Hours; Total Fees $5,798.50]

During the Application Period, the condominium project owned by Osgood is complete, and the Receiver oversaw minimum construction activity in the drive aisles of the project in collaboration with the City Department of Public Works to closeout their punch list and receive their final acceptance letter of the Private and Public street improvements. With all units having closed escrow, Acres received $63,641,223.17 in proceeds from the sale of the units at Osgood.

As with the Almaden project, pursuant to the Construction Funding Agreement approved by the Court in December, once these fees are allowed, they are the responsibility of Acres Loan Origination.  Although the Construction Funding Agreement contained a cap of $1.8 million that was exceeded in the prior application, Acres has agreed to continue to fund the Receiver's fees in connection with the construction pursuant to a modification to the construction funding agreement that is in the process of being documented.  Under that agreement, the Receiver agrees to a reduction in the total amount to be paid over time by $100,000, which will be a write-off and not sought from the estate.  Since this time, the Receiver has presented a new fee cap based on the extended completion date of its services. The increase in the cap does not affect the estate because these payments are not added to the Acres indebtedness but are instead an additional cost that it is incurring.

K.    Taxes

[1.3 Hours; Total Fees $487.50]

During the Application Period, the Receiver and his staff devoted attention to the review of certain tax matters.

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

## IV.    THE COURT HAS THE AUTHORITY AND DISCRETION TO APPROVE THE REQUESTED INTERIM FEES AND EXPENSES

Decisions regarding the timing and amount of an award of fees and expenses to the Receiver and his Professionals are committed to the sound discretion of the Court. *See SEC v. Elliot*, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993)). In determining the reasonableness of fees and expenses requested in this context, the Court should consider the time records presented, the quality of the work performed, the complexity of the problems faced, and the benefit of the services rendered to the Estate, along with the Commission's position on the request, which is entitled to "great weight." *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

Whereas, here, the fees requested are reasonable and "where both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate[,]" an interim award of fees is appropriate. *Consumer Fin. Prot. Bureau v. Pension Funding, LLC,* 2016 U.S. Dist. LEXIS 187607, at *4 (C.D. Cal. July 7, 2016). Interim allowances are necessary "to relieve counsel and others from the burden of financing lengthy and complex proceedings." *In re Rose Way, Inc.*, 1990 Bankr. LEXIS 3028, at *9 (Bankr. S.D. Iowa Mar. 1, 1990) (citing *In re Mansfield Tire & Rubber Co.*, 19 B.R. 125 (Bankr. N.D. Ohio 1981)).

Here, the Receiver is providing valuable work to the receivership with the goal of returning as much as possible to investors and creditors. The Receiver's billing rates are comparable to those charged in the community on similarly complex receivership matters. Further, the billing statements of the Receiver have been submitted to the SEC for review prior to the filing of this Application, without objection.

## V.    CONCLUSION

The Receiver therefore respectfully requests that this Court enter an Order:

1.    Approving the Receiver's fees and expenses for the Application Period totaling $384,668.87 and $984.12, respectively, on an interim basis;

SEVENTEETH APPLICATION FOR
PAYMENT OF FEES AND
REIMBURSEMENT OF EXPENSES

2.    Providing that the $302,837.37 in fees incurred in connection with the Osgood and Almaden projects shall be paid by Acres Loan Origination in accordance with the Construction Funding Agreement approved by the Court;

3.    Authorizing the Receiver to pay 80% of the balance of $81,831.50 in fees, which is $65,465.20, and 100% of his expenses, or $984.12, from assets of the Receivership Entities as they become available; and

4.    For such other and further relief as is appropriate.

DATED:  November 21, 2025          Respectfully submitted,

                                   RAINES FELDMAN LITTRELL LLP


                                   By:    _____/s/ Kyra E. Andrassy_____
                                          KYRA E. ANDRASSY
                                          Attorneys for David Stapleton, Receiver

Date: January 22, 2026



IT IS SO ORDERED
Judge Charles R. Breyer
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEVENTEETH APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES